JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
JOSEPH M. ALIOTO JR. (SBN 215544)
jalioto@cpmlegal.com
MALLORY A. BARR (SBN 317231)
mbarr@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Relator STF, LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* STF, LLC, an organization; STATE OF CALIFORNIA; *ex rel.* STF, LLC, an organization,<br><br>Plaintiffs,<br><br>v.<br><br>CRESCENDO BIOSCIENCE, INC., a Delaware corporation; and MYRIAD GENETICS, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 3:16-cv-2043 TSH<br><br>**RELATOR'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND FOR RELIEF FROM RULE 26 OBLIGATIONS** |

RELATOR'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE
CASE MANAGEMENT CONFERNECE AND FOR RELIEF FROM RULE 26 OBLIGATIONS;
CASE NO.: 3:16-cv-2043-TSH

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

# INTRODUCTION

Federal Rule of Civil Procedure 1 promises litigants "the just, speedy, and inexpensive determination of every action and proceeding." To promote the expeditious movement of cases, the Rules set deadlines for the parties to confer ("21 days before a scheduling order is due under Rule 16(b)," Fed.R.Civ.P. 26(f)(1)), for the parties to appear at a conference with the Court ("the first date available on the assigned judge's calendar," Civil L.R. 16-2), and for the Court to file a case management order ("90 days after any defendant has been served," Fed.R.Civ.P. 16(b)).

The defendants, improperly utilizing an administrative motion, ask the Court to eschew Rule 1's promise. Their attempt should be denied for at least five reasons. *First*, the motion is partly moot insofar as the defendants seek relief from their Rule 26(f) obligations, since the Rule 26(f) conference already occurred on April 17, 2020. *Second*, the defendants fail to show "good cause" to move the Case Management Conference ("CMC") and delay issuance of a scheduling order. Notably, their motion is devoid of legal authority. But, this Court has noted that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party [seeking modification]." *Oracle Am., Inc. v. Serv. Key, LLC*, Case No. 12-cv-00790 SBA, 2013 WL 2384246 ("Oracle"), at *1, *citing Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir.2000). Here, the CMC and the parties' deadline to confer under Rule 26(f) have been on the calendar since January 30, 2020, nearly *3 months*, and the defendants' eleventh-hour motion – *just four days* before the Rule 26(f) conference deadline expires – is unjustifiable. *Third,* the defendants' claimed intention to move the CMC in the name of efficiency is pretextual, since their conduct to this point has demonstrably undermined efficiency and judicial economy while obstructing the case's progress. *Fourth*, the defendants' motion is a sheep in wolf's clothing: fashioned as a mere "administrative motion" but in fact an improperly noticed motion to stay all discovery. *Fifth*, the improper use of the administrative motion procedure alone warrants denying the motion.

# BACKGROUND

On January 30, 2020, the Court scheduled the Case Management Conference ("CMC") for May 14, 2020. (Dkt. no. 25.) It also ordered the Relator to serve the defendants with the complaint and summons. (*Id*.) Defendant Myriad was served on February 18, 2020. (Dkt. no. 29.) Defendant

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

RELATOR'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERNECE AND FOR RELIEF FROM RULE 26 OBLIGATIONS; CASE NO.: 3:16-cv-2043-TSH

1

Crescendo was served on February 25, 2020. (Dkt. no. 38.) Thus, under Fed.R.Civ.P. 16(b)(2), the case management order is due on May 18, 2020.

Between March 2 and March 11, 2020, the parties communicated by telephone and by email to schedule the Rule 26(f) conference. (Dkt. no. 54-1 (Alioto Decl. at ¶ 4).) The parties mutually agreed to hold the conference on April 17, 2020. (*Id*.) At the scheduled time on April 17, 2020, the Rule 26(f) conference was held telephonically, and the parties were represented by counsel. (*Id.* at ¶ 7.) However, during the conference, the defendants refused to participate in discussing most of the 20 topics outlined in the Standing Order of All Judges in the Northern District of California; although, they did provide responses on a few topics. (*Id*. at ¶ 8, 9.) Relator filed a separate case management statement on April 17, 2020, along with a proposed order. (Dkt. no. 54.)

## DISCUSSION

***First***, the defendants' motion is moot. The Rule 26(f) conference already occurred on April 17, 2020. In the interest of clarity, the Relator requests the Court so find. *See*, Dkt. no. 54-1 (Alioto Decl.).

***Second***, the defendants failed to show good cause to delay issuance of the Rule 16(b) scheduling order. Rule 16(b) states that the Court "must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed.R.Civ.P. 16(b)(2). The first defendant was served on February 18, 2020, so the Rule 16(b) scheduling order (*i.e.,* the "case management order") is due on May 18, 2020.

No relevant argument has been offered by the defendants to establish good case to delay. "'Good cause' exists when a deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Oracle*, 2013 WL 2384246, at *1 (N.D. Cal. May 30, 2013) *quoting Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992); *see also, Finjan, Inc. v. Bitdefender Inc.,* No. 17-cv-04790-HSG, 2019 WL 5864597, at *1 (N.D. Cal. Nov. 8, 2019). In the context of a Rule 15 amendment, this Court has stated that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Oracle*, 2013 WL 2384246, at *1, *citing Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000). "If the party seeking the modification 'was not diligent, the

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

RELATOR'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERNECE AND FOR RELIEF FROM RULE 26 OBLIGATIONS; CASE NO.: 3:16-cv-2043-TSH

2

inquiry should end' and the motion to modify should not be granted." *Oracle*, 2013 WL 2384246, at *1, *citing Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, the Court issued an order on January 30, 2020 setting the Case Management Conference for May 14, 2020. This triggered an April 23, 2020 deadline for the parties to confer under Rule 26(f). Even though that deadline has been on the books for almost 3 months, the defendants waited to file the instant motion 4 business days before the deadline (which explains their improper use of the administrative motion's 5-day opposition deadline). There is no justifiable reason for that delay, and the defendants offer none. Under Rule 16, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

***Third***, the defendants' purported interest in filing the administrative motion to preserve "judicial economy," "efficiency," and "productive case management" is pretextual. (Dkt. no. 52 at 2.) They claim the CMC would be premature because the parties would be forced to "speculate" about the nature of the claims, given the pendency of the defendants' motion to dismiss.

But, it is evident from the record the defendants have little interest in efficiency or "case management progress." After having scheduled a Rule 26(f) conference more than a month in advance, the defendants suddenly sought to upend the calendar and *de facto* cancel it by refusing to participate. They refused to confer on even the most uncontroversial of the 20 topics required to be discussed. During the course of over an hour, the defendants refused to state whether they objected to jurisdiction or service; they refused to acknowledge whether they would preserve evidence; they declined to state whether they were aware of any related cases; and most bizarrely, they refused to confirm they had read the Northern District's Guidelines for Professional Responsibility, which, it appears, they did not: "[a] lawyer should not engage in delay tactics in scheduling meetings, hearings, or discovery." *Guidelines for Prof. Conduct*, ¶3(c). If the defendants were truly interested in "efficiency" and "productive case management," they would have participated more actively in the conference, reserved their objections, participated in the filing of a *joint* case management statement, and made their case for a discovery stay in a separate – and properly filed – motion.

Moreover, the defendants argue that since they filed a motion to dismiss, the parties can only "speculate" about the scope of discovery and the claims asserted. (Dkt. no. 52 at 5.) On the contrary,

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

RELATOR'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERNECE AND FOR RELIEF FROM RULE 26 OBLIGATIONS; CASE NO.: 3:16-cv-2043-TSH

3

there is an operative complaint on file. The claims asserted are clear. There is no need to speculate. The parties can and should discuss the scope of the claims until such time as those claims change. To assume, as the defendants do, that their motion to dismiss will be granted is not only presumptuous, it is also the only identifiable source of speculation here.

*Fourth*, although they couch it as a seemingly innocuous "administrative motion" to modify the case management conference date, the defendants' request is plainly an effort to stay discovery, and it is therefore improper. By seeking to continue the case management conference, the defendants seek to move the deadline to confer under Rule 26(f), and thereby prevent discovery from beginning. *See*, Fed.R.Civ.P. 26(d). This backdoor attempt to stay discovery should not be tolerated. If the defendants want a discovery stay, they are certainly entitled to seek one, and the Relator will respond. But, they should be forthright about it, notice it properly, and let the parties argue their sides. A motion to stay the case should not be shrouded in the kind of gamesmanship evident in both the filing of the administrative motion and in the defendants' behavior at the Rule 26(f) conference.

*Fifth*, the defendants' improper use of the administrative motion procedure is itself grounds to deny the motion. "An administrative motion is intended to address 'miscellaneous administrative matters,'" not "substantive legal arguments." *Diva Limousine, Ltd. v. Uber Techs., Inc.*, No. 18-CV-05546-EMC, 2019 WL 144589, at *3 (N.D. Cal. Jan. 9, 2019) (denying motion on basis of improper administrative motion); Civil L.R. 7-11 (administrative motions reserved for non-substantive matters, "such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example"). The use of the administrative motion here limited the response to 2 business days and 5 pages (a page requirement, incidentally, that the defendants themselves did not adhere to). "These issues confirm the general impropriety of [defendants'] use of an administrative motion, as the administrative motion procedure fails to give the parties . . . adequate opportunity to be heard." *Hess v. Astrazeneca Pharm., L.P.*, No. C 06-0572 PJH, 2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006).

Moreover, an administrative motion is only proper where the issue is "not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." *Id.*, *see also Adobe Sys. Inc. v. A & S Elecs., Inc.*, No. C 15-2288 SBA, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) ("[a]n administrative motion . . . is not a proper vehicle to consolidate cases, since consolidation is

RELATOR'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERNECE AND FOR RELIEF FROM RULE 26 OBLIGATIONS; CASE NO.: 3:16-cv-2043-TSH

4

expressly governed by Federal Rule of Civil Procedure 42(a)"). Here, the issues presented are governed by Federal Rule 16(a) and 16(b)(4), Federal Rule 26(a)(1)(A) and 26(a)(1)(C), and Civil Local Rule 16-2(d), which provides that a party "may seek relief from an obligation imposed by Fed. R. Civ. P. 16 or 26 of the Order Setting Initial Case Management Conference" by "serving and filing a motion with the assigned judge pursuant to Civil L.R. 7," that is, a properly noticed motion. Civil L.R. 16-2(d).

Thus, the Court should deny the administrative motion as improper and need not consider its merits. *Adobe Sys. Inc. v. A & S Elecs., Inc.*, No. C 15-2288 SBA, 2016 WL 9105173, at *3 (for the same reasons noted in this case, "[t]he Court therefore finds that Adobe's administrative motion is improper and need not be considered"); *Dister v. Apple-Bay E, Inc.*, Case no. 07-cv-1377 SBA, 2007 WL 4045429, at *3-4 (N.D.Cal. Nov. 15, 2007 (party's "use of Local Rule 7-11 to speed up litigation in order to save 'time and resources' is an improper vehicle to bring a motion to stay"). "Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." *Tri-Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012); *Silverman v. City & Cty of San Francisco*, Case No. 11-cv-1615, 2012 WL 6019309, at * 1 (N.D.Cal. Dec.3, 2012), citing *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules).

Dated: April 21, 2020	Respectfully submitted,

**COTCHETT, PITRE & McCARTHY, LLP**

*/s/ Joseph M. Alioto Jr.*
JUSTIN T. BERGER
JOSEPH M. ALIOTO
MALLORY A. BARR

*Attorneys for Relator*

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

RELATOR'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERNECE AND FOR RELIEF FROM RULE 26 OBLIGATIONS; CASE NO.: 3:16-cv-2043-TSH

5

**[PROPOSED] ORDER**

On April 17, 2020 the Defendants Crescendo Bioscience, Inc. and Myriad Genetics Inc. filed a motion for administrative relief pursuant to Civil Local Rule 7-11 requesting that the Case Management Conference be continued and that the Court grant them relief from their obligations under Federal Rule of Civil Procedure 26.  IT IS HEREBY ORDERED that the motion is DENIED.

[The Case Management Conference is set for May 14, 2020.  The parties' obligations under Rule 26 remain unchanged.]

[IT IS FURTHER ORDERED that the Court finds that the parties conferred pursuant to Rule 26(f) on April 17, 2020.]

IT IS SO ORDERED.

Dated: April _____, 2020                            _____
                                                                                        THOMAS S. HIXSON
                                                                                  United States Magistrate Judge

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

RELATOR'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERNECE AND FOR RELIEF FROM RULE 26 OBLIGATIONS; CASE NO.: 3:16-cv-2043-TSH

6