# EXHIBIT 1

NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
BETHANY HILL (SBN 326358)
bhill@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Relator STF, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA; STATE OF CALIFORNIA; *ex rel.* STF, LLC, an organization,<br><br>    Plaintiffs,<br><br>  v.<br><br>CRESCENDO BIOSCIENCE, INC., a Delaware corporation; and MYRIAD GENETICS, INC., a Delaware corporation,<br><br>    Defendants. | CASE NO. 3:16-cv-02043-TSH<br><br>**RELATOR STF, LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**     DEFENDANTS CRESCENDO BIOSCIENCE, INC. AND MYRIAD GENETICS, INC.

**RESPONDING PARTY:**     RELATOR STF, LLC

**SET NO.:**     ONE (1)

Relator STF, LLC ("Responding Party") hereby responds to Defendants CRESCENDO BIOSCIENCE, INC. and MYRIAD GENETICS, INC.'s (collectively, "Propounding Party" or "Defendants") First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Responding Party has not fully completed his investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available and specifically known to the Responding Party. Responding Party anticipates further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to existing facts, as well as establish new factual conclusions, legal conclusions, and legal contentions.

The following responses are given without prejudice to the Responding Party's right to produce evidence or documents which it may later discover. The Responding Party reserves the right to change any and all responses herein as additional facts or documents are ascertained and/or recalled and analyses thereof are made. However, the Responding Party does not undertake any obligation to amend, modify, supplement, or otherwise change these responses except as may be required by law.

The responses contained herein are made in a good faith effort to supply as much factual information as is presently known but should in no way prejudice the Responding Party in relation to further discovery, research, investigation, or analysis.

## GENERAL OBJECTIONS

Responding Party objects to Propounding Party's First Set of Interrogatories in its entirety to the extent that any or all of the requests seeks information protected by the attorney-client and attorney work-product privileges.

Responding Party objects to Propounding Party's First Set of Interrogatories in its entirety to the extent that any or all of the interrogatories seek information protected by the right to privacy under either the United States Constitution or the Constitution of California, or as embodied in statutes, decisional authorities, or otherwise.

Responding Party objects to Propounding Party's First Set of Interrogatories in its entirety to the extent that any or all of the interrogatories are overbroad, vague and ambiguous, oppressive, and/or seek information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Interrogatories that seek this information of this nature will not be answered.

Responding Party objects to Propounding Party's First Set of Interrogatories in its entirety to the extent that any or all of the interrogatories seek expert opinions or testimony, such information will not be provided at this time.

Responding Party objects to Propounding Party's First Set of Interrogatories in its entirety to the extent that any or all of the interrogatories seek information equally available to the Propounding Party.

Responding Party incorporates the above objections to the specific requests responded to herein.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify every person you have communicated with, orally or in writing, concerning the allegations of, or the subject matter discussed in, the FAC, and describe the communications with each such person, including but not limited to the substance of the communication, the date of the communication, and mechanism of the communication.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party objects to this interrogatory as it is vague and ambiguous, is compound, and contains multiple subparts in an attempt to circumvent the limit on the number of interrogatories set forth in Federal Rule of Civil Procedure 33(a)(1). Responding Party objects on the grounds this interrogatory is overbroad, unduly burdensome, and it exceeds the scope of appropriate discovery. Responding Party objects to this interrogatory to the extent it seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds it seeks information equally available and/or already in the possession of the asking party.

Responding Party objects to this interrogatory to the extent it seeks information protected by the attorney-client and attorney work product privileges, and the common interest doctrine and joint prosecution privilege. Responding Party objects to this interrogatory to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or any other applicable rule or law. Responding Party, to the extent it is able, will provide information it has available to it, or has readily obtained in its search efforts to date.

Subject to and without waiving these objections, Responding Party responds as follows:

**Processing and Handling Fee Kickbacks**

On or around April 13, 2016, Dr. Gersh received a letter from Sharon Dwyer at Crescendo notifying her "Crescendo will email you a statement each month listing all the samples our lab has received from you during the prior month. <u>To expedite payment simply reply back to the email indicating agreement with the information I've provided and I will submit the statement on your behalf to Account Payable.</u>"

On or around February 8, 2016, Dr. Gersh received an email from Jeannette Curtiss at jcurtiss@crescendobio.com regarding her "sample list for the month of January," instructing her to "<u>Please reply back to confirm this email</u>, and I will submit to accounting on your behalf."

On or around March 9, 2016, Dr. Gersh received an email from Qin Chen at spa@crescendobio.com regarding her "sample list for the month of February," instructing her to "<u>Please reply back to confirm this email</u>, and I will submit to accounting on your behalf."

**Waiver of Patient Copayments and Deductibles**

As alleged in the FAC, in or around April 2016, Dr. Gersh asked former Crescendo sales person Kerri Jacobson, From a pricing and billing point of view, can you remind me what the charge (co-pay) is for patients with PPO insurance and what the options are if they feel they can't pay?" Ms. Jacobson responded via text message, in part, "I can't put in email our max out of pocket for our test on Email [sic] but wanted to let you know it is $25." Ms. Jacobson also responded via email, first with, "We have a max out of pocket for PPO, Cash and IPA patients. And medicare patients do not have a co-pay for up to 2 tests per year," followed by, "Glad you got my text :)" FAC at ¶¶ 59-60.

1  As also alleged in the FAC, in or around April 2016, Ms. Jacobson informed Dr. Gersh, "No we do not currently send patients to collections. However if a patient gets a check from their insurance company and does not send it to us then we will bill for that amount of what they got from insurance. But haven't sent them to collections." FAC at ¶ 61.

**INTERROGATORY NO. 2:**

Identify every person who has or may have knowledge concerning the allegations of, or the subject matter discussed in, the FAC, or who is or may be in possession of documents that may be responsive to Defendant' First Set of Interrogatories and First Set of Requests for the Production of Documents.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party objects to this interrogatory as it is vague and ambiguous, is compound, and contains multiple subparts in an attempt to circumvent the limit on the number of interrogatories set forth in Federal Rule of Civil Procedure 33(a)(1). Responding Party objects on the grounds this interrogatory is overbroad, unduly burdensome, and it exceeds the scope of appropriate discovery. Responding Party objects to this interrogatory to the extent it seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds it seeks information equally available and/or already in the possession of the asking party.

Responding Party objects to this interrogatory to the extent it seeks information protected by the attorney-client and attorney work product privileges. Responding Party objects to this interrogatory to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or any other applicable rule or law. Responding Party, to the extent it is able, will provide information it has available to it, or has readily obtained in its search efforts to date.

Subject to and without waiving these objections, Responding Party responds as follows:

1. Nelson Lam
2. Sharon Dwyer
3. Kerri Jacobson
4. Qin Chen



**RELATOR STF, LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES; CASE NO. 3:16-cv-02043-TSH**

4

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

5. Anneke Nelson

6. Jeanette Curtiss

7. Kelley Jewett

8. Zev Young

9. Jennifer Oh-Perez

10. Carol Laughlin Wu

11. Marisa Perales

12. Elise Brady

13. Other current and former employees, officers, owners and shareholders of Propounding Party, including but not limited to billing personnel, Accounts Payable personnel

14. Felice Gersh, MD via Integrative Medical Group of Irvine and/or Felice Gersh MD Inc APC

15. Robert Tygenhof

16. Chris Riedel

17. Other clients and contracted "phlebotomists" of Propounding Party

18. Oscar Carillo

**INTERROGATORY NO. 3:**

For the time period September 22, 2015 to the present, identify and describe the corporate structure of STF, including (i) each member of STF; (ii) each member's ownership interest in STF; (iv) all persons who have a direct or indirect financial interest in STF; and (v) each employee, agent or independent contractor of STF.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this interrogatory as it is overbroad, unduly burdensome, and it exceeds the scope of appropriate discovery. Responding Party objects to this interrogatory to the extent it seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds it seeks information equally available and/or already in the possession of the asking party.

1  Responding Party objects to this interrogatory to the extent it seeks information protected by
2  the attorney-client and attorney work product privileges.  Responding Party objects to this
3  interrogatory to the extent it purports to impose obligations beyond those required by the Federal
4  Rules of Civil Procedure or any other applicable rule or law.

5  Subject to and without waiving these objections, Responding Party responds as follows:

6  STF, LLC is a California Limited Liability Company.  STF's members are Chris C. Riedel
7  and Felice L. Gersh.  Each member has a 50% ownership interest in STF and a direct financial
8  interest in STF.  STF does not have employees.

9  **INTERROGATORY NO. 4:**

10  For the time period September 22, 2015 to the present, describe any promised or actual
11  payment by STF to any other person, including without limitation, the name of the recipient of any
12  such payment, the date, or expected date, of any such payment, the amount, or expected amount, of
13  any such payment, and the reason or purpose for any such payment.

14  **RESPONSE TO INTERROGATORY NO. 4:**

15  Responding Party objects to this interrogatory as it is vague and ambiguous.  Responding
16  Party objects on the grounds this interrogatory is overbroad, unduly burdensome, and it exceeds the
17  scope of appropriate discovery.  Responding Party objects to this interrogatory to the extent it seeks
18  information which is not relevant or reasonably calculated to lead to the discovery of admissible
19  evidence.

20  Responding Party objects to this interrogatory to the extent it seeks information protected by
21  the attorney-client and attorney work product privileges.  Responding Party objects to this
22  interrogatory to the extent it purports to impose obligations beyond those required by the Federal
23  Rules of Civil Procedure or any other applicable rule or law.

24  Subject to and without waiving these objections, Responding Party responds as follows:
25  STF has not made or promised any such payments.
26  / / /
27  / / /
28  / / /

**INTERROGATORY NO. 5:**

Identify all persons who have, have had or will have a direct or indirect financial interest in this Action or in any recovery resulting from this Action, and describe the nature of any such financial interest.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this interrogatory as it is vague and ambiguous. Responding Party objects on the grounds this interrogatory is overbroad, unduly burdensome, and it exceeds the scope of appropriate discovery. Responding Party objects to this interrogatory to the extent it seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds it seeks information equally available and/or already in the possession of the asking party.

Responding Party objects to this interrogatory to the extent it seeks information protected by the attorney-client and attorney work product privileges. Responding Party objects to this interrogatory to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or any other applicable rule or law.

**INTERROGATORY NO. 6:**

Describe any agreement, whether oral or in writing, between or among STF, any member of STF or any other person regarding this Action, or any direct or indirect financial interest in this Action or in any recovery resulting from this Action. Such description shall include, without limitation, the date of the agreement, the parties thereto and a description of the substance of such agreement.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this interrogatory as it is vague and ambiguous, is compound, and contains multiple subparts in an attempt to circumvent the limit on the number of interrogatories set forth in Federal Rule of Civil Procedure 33(a)(1). Responding Party objects on the grounds this interrogatory is overbroad, unduly burdensome, and it exceeds the scope of appropriate discovery. Responding Party objects to this interrogatory to the extent it seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Responding Party further

objects to this interrogatory on the grounds it seeks information equally available and/or already in the possession of the asking party.

Responding Party objects to this interrogatory to the extent it seeks information protected by the attorney-client and attorney work product privileges, and the common interest doctrine and joint prosecution privilege. Responding Party objects to this interrogatory to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or any other applicable rule or law. Responding Party further objects to this interrogatory to the extent it seeks information regarding a matter about which Responding Party does not have direct knowledge, such as where the truth of the matter is within the knowledge or information of Propounding Party or within the knowledge or information of third parties.

Subject to and without waiving these objections, Responding Party responds as follows:

The members of STF, LLC have executed an Operating Agreement, which is produced herewith at STFC00288 and is labeled as "HIGHLY CONFIDENTIAL" pursuant to the Stipulated Protective Order in this matter.

**INTERROGATORY NO. 7:**

State the basis for the allegation in paragraph 45 of the FAC that "$15 is well above the market value of the time, effort or materials required for the blood draw."

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party objects to this interrogatory as it is vague and ambiguous. Responding Party objects on the grounds this interrogatory is overbroad, unduly burdensome, and it exceeds the scope of appropriate discovery. Responding Party objects to this interrogatory to the extent it seeks information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds it seeks information equally available and/or already in the possession of the asking party.

Responding Party objects to this interrogatory to the extent it seeks information protected by the attorney-client and attorney work product privileges, joint prosecution privilege and common interest doctrine. Responding Party objects to this interrogatory to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or any other applicable

rule or law. Responding Party further objects to this interrogatory to the extent it seeks information regarding a matter about which Responding Party does not have direct knowledge, such as where the truth of the matter is within the knowledge or information of Propounding Party or within the knowledge or information of third parties. Responding Party, to the extent it is able, will provide information it has available to it, or has readily obtained in its search efforts to date.

Responding Party objects to this interrogatory as a premature contention interrogatory in light of the early stage of this litigation. Responding Party's investigation and conduct of discovery are ongoing. *See Folz v. Union Pac. R.R. Co.*, 2014 WL 357929, at *1 (S.D. Cal. Jan. 31, 2014) ("[M]any courts have found that, within the framework of Rule 33, contention interrogatories need not be answered until the substantial completion of pretrial discovery."). Responding Party further objects to this interrogatory to the extent it seeks premature disclosure of expert information and opinion. Consequently, this response is based only on information and documentation presently available and within the scope of the interrogatory. Accordingly, Responding Party reserves the right to supplement their response.

Subject to and without waiving these objections, Responding Party responds as follows:

Medicare reimburses routine blood draws, or venipunctures, at $3.00. The Medicare Common Carrier Manual includes packaging and handling as services included in the physician office visit.

To determine the fair market value of a physician's services, the OIG advised clinical laboratories to consider "whether the services for which it may compensate the physician have been, or may be, paid for, including through a bundled payment, by Medicare" and "whether payment is appropriate at all." The OIG noted that "if the services for which the laboratory intends to compensate the physician are paid for by a third party through other means, such as payments intended to reimburse the physician for overhead expenses, any payment by the laboratory to the physician may constitute double payment for the physician's services and, consequently, provide evidence of unlawful intent." OIG Special Fraud Alert: Laboratory Payments to Referring Physicians (June 7, 2014), *reprinted in* 79 Fed. Reg. 40,115-18 (July 11, 2014) at 40,115-17.

As detailed below, "Packaging and Handling" ("P&H") is a bundled service. Each time Defendants paid physicians and/or their practices a P&H fee, such physicians and/or practices were being paid twice for providing the same service to the same patient. First, through billing federal healthcare programs for the evaluation and management (E/M) visit, and then by collecting the P&H fee paid by Defendants.

CPT Code 99000 is described as "handling and/or conveyance of specimen for transfer from the physician's office to a laboratory." AMA, CPT 2009 at 445 (2008); AMA, CPT 2010 at 353 (2009); AMA, CPT 2011 at 361 (2010); AMA, CPT 2012 at 374-75 (2011); AMA, CPT 2013 at 400-01 (2012); AMA, CPT 2014 at 419-20 (2013). Code 99000 reflects the work involved to prepare a specimen before sending it to a laboratory, including centrifuging a specimen, separating serum, labeling tubes, packing the specimens for transport, filling out lab forms, and supplying necessary insurance information and other documentation. Coding Clarification: Handling and/or Conveyance of Specimen for Transfer from the Physician's Office to a laboratory, CPT Assistant (AMA), October 1999, at 11. That is, Code 99000 reflects what Defendants paid as P&H.

The Medicare Physician Fee Schedule ("MPFS") specified that CPT Code 99000 was a "bundled" code, indicated by a status "B" in the MPFS. The MPFS explained bundled codes, like CPT Code 99000, as "Payments for covered services are always bundled into payment for other services not specified. If RVUs are shown, they are not used for Medicare payment. If these services are covered, payment for them is subsumed by the payment for the services to which they are incident (an example is a telephone call from a hospital nurse regarding care of a patient)." E.g., MPFS 2009, 73 Fed. Reg. 69,726, 69,942-43 (Nov. 19, 2008).

As a bundled code, CPT Code 99000 is incident to a physician's E/M services. E/M services include various types of patient encounters, including office visits for new and established patients. Payment for services under the MPFS is based in part on relative value units (RVUs), which account for (a) the physician's time and effort in providing their services to patients, (b) all non-physician related practice expenses, and (c) malpractice insurance expense. 42 U.S.C. 1395w–4(c).

For E/M services, non-physician related practice expenses include non-physician payroll (e.g.,

phlebotomists, medical assistants, nurses, billing, and front office staff), office expenses (e.g., rent, office supplies, utilities, taxes, and postage), cost of medical supplies, cost of equipment (e.g., depreciation, minor equipment purchases such as centrifuges and refrigerators), and miscellaneous expenses (e.g., accounting and legal fees). In other words, the expenses (including practice overhead expenses) needed to provide P&H services are included within the MPFS calculation to determine payment for E/M services.

CPT Code 99000 is not separately payable under the MPFS and cannot be billed as a service that is separately identifiable from E/M services. CPT code 99000 is categorized as a "special service, procedure or report," and such codes cannot be reported with an E/M service as a separately identifiable service (using modifier 25) because such codes are adjunctive to the E/M service. In other words, under the MPFS, CPT Code 99000, which describes P&H tasks, is subsumed by the payment for the physicians' E/M service for the office visit in which the need for the lab test(s) was identified.

Dated: August 27, 2020    **COTCHETT, PITRE & McCARTHY, LLP**

By: _____
NIALL P. McCARTHY
JUSTIN T. BERGER
BETHANY HILL

*Attorneys for Relator STF, LLC*

## **VERIFICATION**

My name is CHRIS RIEDEL.

I am the managing member of Relator STF, LLC in the above entitled action and am authorized to verify these responses. I have read the foregoing RELATOR STF, LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES.

The responses provided are true and correct. I certify and declare under penalty of perjury under the laws of the United States of America that the foregoing answers are true and correct.

Dated: 8-27-20, at Los Gatos, California.

_____
CHRIS RIEDEL

VERIFICATION                                        1

# PROOF OF SERVICE

I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, August 27, 2020, I served the following document(s) in the manner described below:

1. **RELATOR STF, LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

✓ **VIA E-MAIL:** My e mail address is fvazquez@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

| | |
|---|---|
| Brian Q. Hall<br>GREENBERG TRAURIG, LLP<br>4 Embarcadero Center, Suite 3000<br>San Francisco, CA 94111<br>hallbri@gtlaw.com | **COUNSEL FOR DEFENDANT CRESCENDO BIOSCIENCE, INC.** |
| Jeff P. Palmer<br>GREENBERG TAURIG<br>1900 University Ave<br>5th Floor<br>East Palo Alto, CA 94303<br>palmerj@gtlaw.com | **COUNSEL FOR DEFENDANT CRESCENDO BIOSCIENCE, INC.** |
| Carolyn Fitzhugh McNiven<br>Greenberg Traurig LLP (US)<br>4 Embarcadero Center, Suite 3000<br>San Francisco, CA 94111<br>Email: mcnivenc@gtlaw.com | **COUNSEL FOR DEFENDANT CRESCENDO BIOSCIENCE, INC.** |
| Giselle J. Joffre<br>Michael Licker<br>Joanna Laing McDonough<br>FOLEY HOAG LLP<br>Seaport World Trade Center West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210-2600<br>gjoffre@foleyhoag.com<br>mlicker@foleyhoag.com<br>jmcdonough@foleyhoag.com | **COUNSEL FOR DEFENDANT CRESCENDO BIOSCIENCE, INC.** |

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on August 27, 2020.

_____
FRANCISCO J. VAZQUEZ

**PROOF OF SERVICE**