# EXHIBIT 4

GISELLE J. JOFFRE (admitted pro hac vice)
gjoffre@foleyhoag.com
MICHAEL J. LICKER (admitted pro hac vice)
mlicker@foleyhoag.com
JOANNA MCDONOUGH (admitted pro hac vice)
jmcdonough@foleyhoag.com
**FOLEY HOAG LLP**
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
Telephone:     (617) 832-1000
Facsimile:     (617) 832-7000

CAROLYN F. McNIVEN, (SBN 163639)
mcnivenc@gtlaw.com
JEFFREY P. PALMER (SBN 229314)
palmerj@gtlaw.com
BRIAN Q. HALL (SBN 318209)
hallbri@gtlaw.com
**GREENBERG TRAURIG, LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1270
Facsimile: (415) 707- 2010

Attorneys for Defendants
CRESCENDO BIOSCIENCE, INC. AND
MYRIAD GENETICS, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA; STATE OF CALIFORNIA; ex rel. STF, LLC, an organization,<br><br>        Plaintiffs,<br><br>v.<br><br>CRESCENDO BIOSCIENCE, INC., a Delaware corporation; and MYRIAD GENETICS, INC., a Delaware corporation,<br><br>        Defendants. | Case No. 3:16-cv-02043-TSH<br><br>**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO RELATOR STF, LLC** |

| | | |
|---|---|---|
| **PROPOUNDING PARTY**: | | **DEFENDANTS MYRIAD GENETICS, INC. and CRESCENDO BIOSCIENCE, INC.** |
| **RESPONDING PARTY**: | | **RELATOR STF, LLC** |
| **SET NO.**: | | **ONE (Nos. 1-13)** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and all applicable Local Rules of the Northern District of California, Defendants Myriad Genetics, Inc. ("Myriad") and Crescendo Bioscience, Inc. ("Crescendo") (collectively, "Defendants"), by and through the undersigned counsel, hereby request that Relator STF, LLC ("Relator") produce copies of or make available for inspection and photocopying the documents and things requested below in accordance with the following Definitions and Instructions (the "Requests"). The requested documents and things must be produced within thirty (30) days after service hereof at the office of Defendants' counsel, Foley Hoag LLP, at 155 Seaport Boulevard, Boston, Massachusetts 02210.

**DEFINITIONS**

The rules of construction and definitions set forth in the Federal Rules of Civil Procedure are incorporated as if set forth fully herein. In addition, the following definitions and instructions shall apply:

1. "Action" means the above-captioned litigation.

2. "And" and "or" include the disjunctive or the conjunctive as necessary to bring within the scope of these requests any information or documents that might otherwise be construed to be outside their scope.

3. "Any," "all," "each," and "every" shall be construed as all and any.

4. "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, photographs, drawings, or otherwise), whether orally or in writing, or by any other means or medium, including face-to-face or by telephone, telecopier, mail, telex, facsimile, electronic mail, text message, personal delivery, overnight delivery, computer transmission, telephone transmission, social media or otherwise.

5. "Concerning" shall mean concerning, evidencing, constituting, referring to,

1  addressing, relating to, regarding, describing, involving, or memorializing.

2    6. "Crescendo" means Crescendo Bioscience, Inc., or any director, officer,

3  employee, agent, or other person or persons acting or purporting to act on its behalf.

4    7. "Defendants" means Crescendo and Myriad.

5    8. "Document" shall be construed in the broadest sense possible under the Federal

6  Rules of Civil Procedure, and shall mean all written, printed, typed, transcribed, source coded,

7  punched, recorded, filmed, or other graphic material of every kind and description whatsoever

8  from which information can be obtained, including but not limited to correspondence, tape

9  recordings, videotapes, electronic mail, text messages, and any information stored on computer

10 disks, tablets, and other personal electronic devices, removable media of any kind, and databases,

11 and shall include all drafts and non-identical copies of documents as well as any post-it notes or

12 other attachments or exhibits affixed thereto, and shall also include electronic data.

13   9. "Electronically Stored Information" or "ESI" means information generated,

14 received, processed, recorded, manipulated, communicated, stored, or used in digital form,

15 including metadata (e.g., author, recipient, file creation date, file modification date, etc.). ESI

16 includes, without limitation, data stored on or in computer servers, computer hard drives,

17 computer desktops, laptops, handheld or tablet computers, portable digital media, backup media,

18 CD-ROMs, DVD-ROMs, floppy discs, non-volatile memory including flash memory devices,

19 external hard drives, internal or external web sites, personal digital assistants, cell phones,

20 electronic voicemail systems, text messages, instant messages, e-mails and attachments to e-

21 mails, "cloud" storage, or any device or medium capable of storing data in any format. ESI also

22 includes, without limitation, output resulting from the use of any software program, including,

23 without limitation, word processing documents, spreadsheets, database files, charts, graphs and

24 outlines, electronic mail, instant messages, bulletin board programs, operating systems, source

25 code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they

26 reside.

27   10. "Felice Gersh MD Inc APC" means Felice Gersh MD Inc APC, or any owner,

28 shareholder, member, partner, director, officer, employee, agent, attorney, or other person or

persons acting or purporting to act on its behalf.

11. "First Amended Complaint" or "FAC" means the First Amended Complaint filed in this Action on September 6, 2017.

12. "Health Care Providers" means physicians, physician group practices, hospitals, and laboratories, or any employee, agent, or other person or persons acting or purporting to act on their behalf.

13. "Including" shall mean including without limitation, whether or not so specified in a particular request.

14. "Identify" means to provide sufficient information so that the subject matter can be located. When used with respect to a person, "Identify" shall mean to give the person's full name, present or last known address, telephone number, and the last known place of employment.

15. "Integrative Medical Group of Irvine" means Integrative Medical Group of Irvine, or any owner, shareholder, member, partner, director, officer, employee, agent, attorney, or other person or persons acting or purporting to act on its behalf.

16. "Myriad" means Myriad Genetics, Inc., or any director, officer, employee, agent, or other person or persons acting or purporting to act on its behalf.

17. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association, corporation, company, firm, partnership, joint venture, association, sole proprietorship, cooperative, institute, or other business. References to a person shall include all of such person's predecessors or successors in interest, present or former divisions, subsidiaries, partners and affiliates and present and former directors, officers, executives, trustees, employees, principals, agents, attorneys, financial advisors, consultants, representatives, and other persons acting or purporting to act on such person's behalf. "Persons" is the plural form of "Person."

18. "Relator" or "STF" means STF, LLC, including without limitation any and all predecessors, successors, parent organizations, subsidiaries, and affiliates, or any owner, shareholder, member, partner, manager, director, officer, employee, agent, attorney, or other

1  person or persons acting or purporting to act on its behalf.

2      19.    "California State Agency" means any agency of the State of California, including
3  the California Department of Justice, California Office of the Attorney General and the
4  California Department of Insurance, or any director, officer, employee, agent, representative,
5  contractor, subcontractor, consultant, or other person or persons acting or purporting to act on
6  behalf of any such agency.

7      20.    "U.S. Government" means the United States Department of Justice ("DOJ"), the
8  Office of Inspector General for the United States Department of Health and Human Services
9  ("OIG"), or any director, officer, employee, agent, representative, contractor, subcontractor,
10 consultant, or other person or persons acting or purporting to act on behalf of DOJ and/or OIG.

11     21.    "You" and "Your" refer collectively and individually to STF, LLC, or any of its
12 representatives, or other persons purporting to act on its behalf.

## INSTRUCTIONS

14     1.    Each Request shall be construed independently and not with reference to any
15 other request herein for purposes of limitation, unless a request so specifies.

16     2.    Each Request calls for production of each document and thing in its entirety,
17 without abbreviation, redaction, expurgation, or modification.

18     3.    Each Request calls for production of all documents and things described, along
19 with any addenda, attachments, drafts, and non-identical copies, as found or located in either
20 your files or records, together with a copy of the descriptive file folder or database category in its
21 entirety.

22     4.    If you cannot respond to any of these Requests in full, respond to the extent
23 possible, specifying the reasons why you are unable to respond in full, and provide whatever
24 information you have concerning the documents or portions thereof not provided, including but
25 not limited to the source or sources from which the documents or portions thereof may be
26 obtained.to a claim

27     5.    If you withhold any document, in whole or in part, otherwise responsive to these
28 Requests on the grounds that the subject therein is subject of attorney-client privilege, work

product immunity, or other privilege or immunity, produce as much of the document as to which no claim of privilege or immunity is made and, with respect to the document or portions of documents withheld on the basis of a claim of privilege or immunity, specifically identify the following:

    a. the type and nature of the document (e.g., memorandum, email, letter);

    b. the date of the document;

    c. the person(s) who authored, created, or sent the document;

    d. the person(s) to whom the document is addressed, including the recipients of copies, as indicated on the document;

    e. the general subject matter of the document in a manner sufficient to support the privilege or immunity claimed;

    f. the nature of the privilege or immunity asserted as the basis on which the document is being withheld; and

    g. the same information referenced in the foregoing subsections for each enclosure or attachment to each withheld document if the enclosure or attachment is also withheld from production.

6. An objection of claim of privilege or immunity directed to any part of a Request does not constitute an excuse for failure to respond to the parts of the Request for which no objection or claim of privilege or immunity is made.

7. If it is not possible to produce any document called for by a Request, or if you object to any Request in whole or in part, state specifically your objection(s) or the reason(s) for failure to produce the document.

8. To the extent that you deem or consider any Request to be ambiguous, you should construe the Request to require the fullest and most complete disclosure of all information and requested documents.

9. To the extent you deem or consider any Request to be unduly broad, you shall identify the categories of documents within the scope of the Request that you believe are properly discoverable, produce all documents, and state, with particularity, your reason for

1  asserting that the remainder of the Request seeks documents that are beyond the scope of
2  permissible discovery.
3      10.    These Requests call for documents in your possession, custody, or control,
4  including information in the possession custody, or control of your agents, attorneys, consultants,
5  advisors, representatives, or other persons acting on your behalf, or otherwise available to you.
6      11.    The use of a verb in any tense shall be construed to include the use of that verb in
7  the past or present tense whenever necessary to bring within the scope of the Request all
8  documents that might otherwise be construed to be outside the scope of the Request. Similarly,
9  the singular form of a word shall include its plural, and the plural the singular, whenever
10 necessary to bring within the scope of the Request all information that might otherwise be
11 construed to be outside the scope of the Request.
12     12.    Unless words or terms have been given a specific definition herein, each word or
13 term used herein shall be given its usual and customary dictionary definition except where such
14 words have a usual custom and usage definition in your trade or industry, in which case they
15 shall be interpreted in accordance with such usual custom and usage definition of which you are
16 aware.
17     13.    Each Request is continuing in nature so as to require prompt amendment or
18 supplementation if further information is subsequently obtained or discovered up to and
19 including the time of trial in this Action.
20     14.    Unless otherwise stated or agreed upon among counsel, these Requests seek the
21 production of documents created during or otherwise concerning or relevant to the period from
22 April 19, 2006 to present.

### REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All documents you received from the U.S. Government or a California State Agency concerning the allegations of, or the subject matter discussed in, the FAC.

**REQUEST FOR PRODUCTION NO. 2**

All documents you provided to the U.S. Government or a California State Agency

concerning the allegations of, or the subject matter discussed in, the FAC.

**REQUEST FOR PRODUCTION NO. 3**

All documents concerning the allegations of or the subject matter discussed in the FAC.

**REQUEST FOR PRODUCTION NO. 4**

All communications between or among Relator and any other person, including without limitation communications with the U.S. Government, a California State Agency, or any current or former employee of Myriad and/or Crescendo, concerning the allegations of, or the subject matter discussed in, the FAC.

**REQUEST FOR PRODUCTION NO. 5**

All documents concerning Relator's responses to Defendants' First Set of Interrogatories, served on July 7, 2020.

**REQUEST FOR PRODUCTION NO. 6**

All documents concerning the formation and/or purpose of the Relator.

**REQUEST FOR PRODUCTION NO. 7**

Documents sufficient to identify all past and present members of the Relator, the membership interest of each respective member, and the financial interest that each member of the Relator has in any recovery obtained from this Action.

**REQUEST FOR PRODUCTION NO. 8**

All documents concerning Relator's relationship with each of the following persons: Chris Riedel, Dr. Felice Gersh, Robert Tygenoff, Jon Michaelson, Jake Orville, Dr. Craig Deligdish, Integrative Medical Group of Irvine, Felice Gersh MD Inc APC, OMNI Healthcare and/or Stop Fraud Now.

**REQUEST FOR PRODUCTION NO. 9**

All communications between or among Relator or any other person concerning a past, present or future financial interest of any kind in the Relator, including without limitation any financial interest in this Action.

**REQUEST FOR PRODUCTION NO. 10**

All agreements of any kind between or among the members of the Relator, or between or

among the Relator, or any members of the Relator, and any other person, and all communications regarding any such agreement.

**REQUEST FOR PRODUCTION NO. 11**

All documents concerning Myriad and/or Crescendo.

**REQUEST FOR PRODUCTION NO. 12**

All communications with any Health Care Providers concerning Myriad and/or Crescendo.

**REQUEST FOR PRODUCTION NO. 13**

All communications with any patient of a Health Care Provider concerning Myriad and/or Crescendo.

Dated: July 7, 2020

By: */s/ Michael Licker*
Michael J. Licker

**FOLEY HOAG LLP**
Giselle J. Joffre (*pro hac vice*)
Michael J. Licker (*pro hac vice*)
Joanna McDonough (*pro hac vice*)

**GREENBERG TRAURIG, LLP**
Carolyn F. McNiven (SBN 163639)
Jeffrey P. Palmer (SBN 229314)
Brian Q. Hall (SBN 318209)

Attorneys for Defendants Crescendo Bioscience, Inc., and Myriad Genetics, Inc.

# CERTIFICATE OF SERVICE

I am employed in the County of Santa Clara, California. I am over the age of 18 years and not a party to this action. My business address is Greenberg Traurig LLP, 1900 University Ave, 5th Floor, East Palo Alto, California, 94303. On this day, July 7, 2020, I served the following document(s) in the manner described below:

1. **DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO RELATOR STF, LLC**

✓ **VIA E-MAIL:** My e mail address is palmerj@gtlaw.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

Niall P. McCarthy (nmccarthy@cpmlegal.com)
Justin T. Berger (jberger@cpmlegal.com)
Mallory A. Barr (mbarr@cpmlegal.com)
Cotchett, Pitre & McCarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010

Counsel for Relator STF, LLC

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Atherton, California, on July 7, 2020.

_____
Jeffrey P. Palmer