# EXHIBIT 5

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| U.S.A; STATE OF CA; ex.rel SFT, LLC, | |
|---|---|
| *Plaintiff* | ) |
| v. | ) |
| CRESCENDO BIOSCIENCE, INC. AND MYRIAD GENETICS, INC. | ) |
| *Defendant* | ) |

) Civil Action No.   3:16-cv-02043-TSH

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                       Felice Gersh MD Inc APC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED SCHEDULE A

| Place: Greenberg Traurig LLP<br>18565 Jamboree Road, Suite 500<br>Irvine, CA 92612 | Date and Time:<br><br>09/02/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       08/03/2020

CLERK OF COURT

OR

_____                    /s/ Michael Licker
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Crescendo Bioscience, Inc. and Myriad Genetics, Inc. _____, who issues or requests this subpoena, are:
Michael Licker, Foley Hoag LLP, 155 Seaport Blvd., Boston, MA 02210, mlicker@foleyhoag.com, 617-832-1197

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:16-cv-02043-TSH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**I.**     **DEFINITIONS**

The rules of construction and definitions set forth in the Federal Rules of Civil Procedure are incorporated as if set forth fully herein. In addition, the following definitions and instructions shall apply:

1.     "Action" means the civil action captioned *United States ex. rel. STF, LLC v. Crescendo Bioscience, Inc., et al.*, 16-cv-02043 (N.D. Cal.).

2.     "And" and "or" include the disjunctive or the conjunctive as necessary to bring within the scope of these requests any information or documents that might otherwise be construed to be outside their scope.

3.     "Any," "all," "each," and "every" shall be construed as all and any.

4.     "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, photographs, drawings, or otherwise), whether orally or in writing, or by any other means or medium, including face-to-face or by telephone, telecopier, mail, telex, facsimile, electronic mail, text message, personal delivery, overnight delivery, computer transmission, telephone transmission, social media or otherwise.

5.     "Concerning" shall mean concerning, evidencing, constituting, referring to, addressing, relating to, regarding, describing, involving, or memorializing.

6.      "Crescendo" means Crescendo Bioscience, Inc., or any director, officer, employee, agent, or other person or persons acting or purporting to act on its behalf.

7.     "Defendants" means Crescendo and Myriad.

8.     "Document" shall be construed in the broadest sense possible under the Federal Rules of Civil Procedure, and shall mean all written, printed, typed, transcribed, source coded, punched, recorded, filmed, or other graphic material of every kind and description whatsoever from which information can be obtained, including but not limited to correspondence, tape recordings, videotapes, electronic mail, text messages, and any information stored on computer disks, tablets, and other personal electronic devices, removable media of any kind, and databases,

and shall include all drafts and non-identical copies of documents as well as any post-it notes or other attachments or exhibits affixed thereto, and shall also include electronic data.

9.      "Electronically Stored Information" or "ESI" means information generated, received, processed, recorded, manipulated, communicated, stored, or used in digital form, including metadata (e.g., author, recipient, file creation date, file modification date, etc.). ESI includes, without limitation, data stored on or in computer servers, computer hard drives, computer desktops, laptops, handheld or tablet computers, portable digital media, backup media, CD-ROMs, DVD-ROMs, floppy discs, non-volatile memory including flash memory devices, external hard drives, internal or external web sites, personal digital assistants, cell phones, electronic voicemail systems, text messages, instant messages, e-mails and attachments to e-mails, "cloud" storage, or any device or medium capable of storing data in any format. ESI also includes, without limitation, output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside.

10.      "You," "Your" or "Felice Gersh MD Inc APC" means Felice Gersh MD Inc APC, or any owner, shareholder, partner, director, officer, employee, agent, attorney, or other person or persons acting or purporting to act on its behalf.

11.      "First Amended Complaint" or "FAC" means the First Amended Complaint filed in this Action on September 6, 2017.

12.      "Health Care Providers" means physicians, physician group practices, hospitals, and laboratories, or any employee, agent, or other person or persons acting or purporting to act on their behalf.

13.      "Including" shall mean including without limitation, whether or not so specified in a particular request.

14.      "Identify" means to provide sufficient information so that the subject matter can

be located. When used with respect to a person, "Identify" shall mean to give the person's full name, present or last known address, telephone number, and the last known place of employment.

15.     "Integrative Medical Group of Irvine" means Integrative Medical Group of Irvine, or any owner, shareholder, member, partner, director, officer, employee, agent, attorney, or other person or persons acting or purporting to act on its behalf.

16.     "OMNI Healthcare" means Omni Healthcare or any owner, shareholder, member, partner, director, officer, employee, agent, attorney, or other person or persons acting or purporting to act on its behalf.

17.     "Stop Fraud Now" means Stop Fraud Now or owner, shareholder, member, partner, director, officer, employee, agent, attorney, or other person or persons acting or purporting to act on its behalf.

18.     "Myriad" means Myriad Genetics, Inc., or any director, officer, employee, agent, or other person or persons acting or purporting to act on its behalf.

19.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association, corporation, company, firm, partnership, joint venture, association, sole proprietorship, cooperative, institute, or other business. References to a person shall include all of such person's predecessors or successors in interest, present or former divisions, subsidiaries, partners and affiliates and present and former directors, officers, executives, trustees, employees, principals, agents, attorneys, financial advisors, consultants, representatives, and other persons acting or purporting to act on such person's behalf. "Persons" is the plural form of "Person."

20.     "California State Agency" means any agency of the State of California, including the California Department of Justice, California Office of the Attorney General and the California Department of Insurance, or any director, officer, employee, agent, representative, contractor, subcontractor, consultant, or other person or persons acting or purporting to act on behalf of any such agency.

B5160941.2

21.     "U.S. Government" means the United States Department of Justice ("DOJ"), the Office of Inspector General for the United States Department of Health and Human Services ("OIG"), or any director, officer, employee, agent, representative, contractor, subcontractor, consultant, or other person or persons acting or purporting to act on behalf of DOJ and/or OIG.

22.     "Relator" or "STF" means STF, LLC, including without limitation any and all predecessors, successors, parent organizations, subsidiaries, and affiliates, or any owner, shareholder, member, partner, manager, director, officer, employee, agent, attorney, or other person or persons acting or purporting to act on its behalf.

## II.     <u>INSTRUCTIONS</u>

1.     Each Request shall be construed independently and not with reference to any other request herein for purposes of limitation, unless a request so specifies.

2.     Each Request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation, or modification.

3.     Each Request calls for production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in either your files or records, together with a copy of the descriptive file folder or database category in its entirety.

4.     If you cannot respond to any of these Requests in full, respond to the extent possible, specifying the reasons why you are unable to respond in full, and provide whatever information you have concerning the documents or portions thereof not provided, including but not limited to the source or sources from which the documents or portions thereof may be obtained.to a claim

5.     If you withhold any document, in whole or in part, otherwise responsive to these Requests on the grounds that the subject therein is subject of attorney-client privilege, work product immunity, or other privilege or immunity, produce as much of the document as to which no claim of privilege or immunity is made and, with respect to the document or portions of documents withheld on the basis of a claim of privilege or immunity, specifically identify the

B5160941.2

following:

   a.  the type and nature of the document (e.g., memorandum, email, letter);

   b.  the date of the document;

   c.  the person(s) who authored, created, or sent the document;

   d.  the person(s) to whom the document is addressed, including the recipients of copies, as indicated on the document;

   e.  the general subject matter of the document in a manner sufficient to support the privilege or immunity claimed;

   f.  the nature of the privilege or immunity asserted as the basis on which the document is being withheld; and

   g.  the same information referenced in the foregoing subsections for each enclosure or attachment to each withheld document if the enclosure or attachment is also withheld from production.

6.      An objection of claim of privilege or immunity directed to any part of a Request does not constitute an excuse for failure to respond to the parts of the Request for which no objection or claim of privilege or immunity is made.

7.      If it is not possible to produce any document called for by a Request, or if you object to any Request in whole or in part, state specifically your objection(s) or the reason(s) for failure to produce the document.

8.      To the extent that you deem or consider any Request to be ambiguous, you should construe the Request to require the fullest and most complete disclosure of all information and requested documents.

9.      To the extent you deem or consider any Request to be unduly broad, you shall identify the categories of documents within the scope of the Request that you believe are properly discoverable, produce all documents, and state, with particularity, your reason for asserting that the remainder of the Request seeks documents that are beyond the scope of permissible discovery.

B5160941.2

10.     These Requests call for documents in your possession, custody, or control, including information in the possession custody, or control of your agents, attorneys, consultants, advisors, representatives, or other persons acting on your behalf, or otherwise available to you.

11.     The use of a verb in any tense shall be construed to include the use of that verb in the past or present tense whenever necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside the scope of the Request. Similarly, the singular form of a word shall include its plural, and the plural the singular, whenever necessary to bring within the scope of the Request all information that might otherwise be construed to be outside the scope of the Request.

12.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

13.     Each Request is continuing in nature so as to require prompt amendment or supplementation if further information is subsequently obtained or discovered up to and including the time of trial in this Action.

**III.     <u>RELEVANT TIME PERIOD</u>**

Unless otherwise stated or agreed upon among counsel, these Requests seek the production of documents created during or otherwise concerning or relevant to the period from April 19, 2006 to present.

**IV.     <u>REQUESTS</u>**

Please produce the following:

1.     All Documents concerning the allegations of, or the subject matter discussed in, the FAC.

2.     All Communications with any other Person, including without limitation Communications with the Relator, U.S. Government, a California State Agency, or any current

or former employee of Myriad and/or Crescendo, concerning the allegations of, or the subject matter discussed in, the FAC.

3.      All Documents concerning Your business or professional relationship with each of the following Persons: Chris Riedel, Robert Tygenhof, STF, LLC, Jon Michaelson, Jake Orville, Dr. Craig Deligdish, Integrative Medical Group of Irvine, OMNI Healthcare and/or Stop Fraud Now.

4.      All Communications with any other Person concerning a past, present or future financial interest of any kind in the Relator, including without limitation any financial interest in this Action.

5.      All agreements of any kind between or among Felice Gersh MD Inc APC or any owners or shareholders of Felice Gersh MD Inc APC, and any other Person concerning the Relator or the Action, and all Communications regarding any such agreement.

6.      All Documents concerning Myriad and/or Crescendo.

7.      All Communications with any Health Care Providers or any patient of a Health Care Provider concerning Myriad and/or Crescendo.

B5160941.2