# EXHIBIT 7

1
NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com

2
JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com

3
BETHANY HILL (SBN 326358)
bhill@cpmlegal.com

4
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center

5
840 Malcolm Road
Burlingame, CA 94010

6
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

7

*Attorneys for Relator STF, LLC*

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

11
UNITED STATES OF AMERICA; STATE OF CALIFORNIA; *ex rel.* STF, LLC, an organization,

CASE NO. 3:16-cv-02043-TSH

**RELATOR STF, LLC'S FIRST SET OF SPECIAL INTERROGATORIES TO DEFENDANTS**

12

13
                    Plaintiffs,

14
            v.

15
CRESCENDO BIOSCIENCE, INC., a Delaware corporation; and MYRIAD GENETICS, INC., a Delaware corporation,

16

17
            Defendants.

18
**PROPOUNDING PARTY:**              **RELATOR STF, LLC**

19
**RESPONDING PARTY:**              **DEFENDANTS CRESCENDO BIOSCIENCE, INC. AND MYRIAD GENETICS, INC.**

20

21
**SET NO.:**              **ONE (1)**

22

23

24

25

26

27

28

**RELATOR STF, LLC'S FIRST SET OF SPECIAL INTERROGATORIES TO DEFENDANTS; CASE NO. 3:16-cv-02043-TSH**

**PRELIMINARY STATEMENT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Relator STF, LLC (hereinafter "Relator" or "Propounding Party" or "STF") hereby request that Defendants CRESCENDO BIOSCIENCE, INC. and MYRIAD GENETICS, INC.'s ("Crescendo" or "Myriad" or "Defendants") respond fully, in writing, and under oath, to the following interrogatories (Set One), and serve such responses on counsel for Relator at the office of Cotchett, Pitre, & McCarthy, LLP 840 Malcolm Road, Burlingame, California 94010, within thirty (30) days after service of these interrogatories.

**DEFINITIONS AND INSTRUCTIONS**

**A. DEFINITIONS**

1. "COMMUNICATION" and "COMMUNICATIONS" means any letter, memorandum, e-mail, note, recording, or other transmission of information from one person or entity to another or between or among two or more persons or entities.  The term includes but is not limited to conversations or discussions, whether in person or by means of telephone, teleconference, e-mail, telecopier, or other media, and also includes the circumstances by which YOU came into possession of the document evidencing the communication.

2. "CRESCENDO" means (a) CRESCENDO BIOSCIENCE, INC**.**, and its domestic and foreign parents, affiliates, joint venturers, subsidiaries, divisions, predecessors (including Riley Genomics, Inc.), and successors (including Myriad Genetics, Inc.), including but not limited to any entity of which it, directly or indirectly, at any time, acquired more than 50% of the assets by merger, consolidation, reorganization, purchase, or otherwise, and (b) any entity having at least a 25% legal or beneficial ownership interest in CRESCENDO BIOSCIENCE, INC, and (c) all agents, attorneys, accountants, consultants, independent contractors, directors, employees, executives, officers, personnel, and representatives of any of the foregoing in subparagraphs (a) and (b), and any person or entity acting on behalf of any of the foregoing in subparagraphs (a) and (b) under an assumed name or otherwise.

3. "DOCUMENT" or "DOCUMENTS" refers to all hard-copy and electronic writings of any kind, including the original and all non-identical copies, whether different from the original

by reason of any notation made on such copies or otherwise. This definition of "DOCUMENTS" includes, without limitation, text messages, correspondence, memoranda, notes, handwritten notes, diaries, personal diaries, calendars, statistics, spreadsheets, letters, electronic mail, telegrams, minutes of meetings, contracts, reports, records of any events, studies, audits, text of any kind, statements, receipts, IRS returns, summaries, maps, drawings, working papers, pamphlets, books, periodicals, prospectuses, inter-office and intra-office communications, offers, notations of any sort (including regarding conversations, telephone calls, meetings or other communications), bulletins, printed matters, tapes of all kinds, computer printouts, computerized or electronically stored data, wire to wire communications, teletypes, telefaxes, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing. The definition of "DOCUMENTS" is also intended to include graphic material, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures, including digitally stored graphic material or graphic material stored on computers.

4. "ELECTRONIC" means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities.

5. "ELECTRONICALLY STORED DATA" means information, including but not limited to information comprising or containing DOCUMENTS, that is stored in an ELECTRONIC medium.

6. "FMV" means Fair Market Value.

7. "MEDICARE" means the United States Health Insurance for the Aged and Disabled Program, commonly known as Medicare.

8. "MYRIAD" means (a) MYRIAD GENETICS, INC., and its domestic and foreign parents, affiliates, joint venturers, subsidiaries, divisions, predecessors, and successors, including but not limited to any entity of which it, directly or indirectly, at any time, acquired more than 50% of the assets by merger, consolidation, reorganization, purchase, or otherwise, and (b) any entity having at least a 25% legal or beneficial ownership interest in MYRIAD GENETICS, INC., and (c) all agents, attorneys, accountants, consultants, independent

contractors, directors, employees, executives, officers, personnel, and representatives of any of the foregoing in subparagraphs (a) and (b), and any person or entity acting on behalf of any of the foregoing in subparagraphs (a) and (b) under an assumed name or otherwise.

9. "Out Of Pocket Maximums" means any of the following: not billing patients for deductibles or co-payments, not billing patients for services, or writing-off invoices issued to patients.

10. "SPA(s)" means "Serum," "Specimen," or "Sample," "Processing Agreement(s)" concerning processing services in connection with Crescendo's Vectra test.

11. "YOU" and/or "YOUR" means CRESCENDO from the time of its founding to the present and MYRIAD from the time of its acquisition of or merger with CRESCENDO to the present.

12. "Any" as well as "All" shall be construed to include "each" and "every" within their meanings.

13. "And" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," YOU should produce all information about A and all information about B, as well as all information about A and B collectively.  In other words, "or" and "and" should be read as "and/or."

**B. INSTRUCTIONS**

1. Each answer must be complete and straightforward as the information reasonably available to the responding party permits. If an interrogatory cannot be answered completely, it shall be answered to the fullest extent possible.

2. If the responding party does not have personal knowledge sufficient to respond fully to an interrogatory, that party shall so state, but shall make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations, except where the information is equally available to the propounding party.

3. If the answer to an interrogatory would necessitate the preparation or the making of a compilation, abstract, audit or summary of or from the documents of the responding party, and if the burden or expense of preparing or making it would be substantially the same for the propounding party as for the responding party, it is a sufficient answer to the interrogatory to specify the writings from which the answer may be derived or ascertained. This specification

shall be in sufficient detail to permit the propounding parties to locate and to identify, as readily as the responding party, the documents from which the answer may be ascertained. The responding party shall then afford to the propounding parties a reasonable opportunity to examine audit, or inspect these documents to make copies, compilations, abstracts, or summaries of them.

4. Whenever an interrogatory may be answered by referring to a document, the responding party may attach the document as an exhibit to the response and shall refer to the document in the response. If the document has more than one (1) page, the responding party shall refer to the page and section where the answer to the interrogatory can be found.

5. Whenever an address and telephone number for the same person are requested in more than one (1) interrogatory, the responding party is required to furnish them in answering only the first interrogatory asking for that information.

6. If only part of an interrogatory is objectionable, the remainder of the interrogatory shall be answered. If an objection is made to an interrogatory or to a part to an interrogatory, the specific ground for the objection shall be set forth clearly in the response. If an objection is based on a claim of privilege, the particular privilege invoked shall be clearly stated. If an objection is based on a claim that the information sought is protected work product, that claim shall be expressly asserted.

7. The responding party shall sign the response under oath, unless the response contains only objections. The attorney for the responding party shall sign any responses that contain an objection.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Describe in detail all steps You took to calculate the FMV of SPA payments, including but not limited to, the method of calculation, the results, the identity of the individuals involved in those calculations, and a description of all documents you reviewed or created in connection with those calculations.

1

**INTERROGATORY NO. 2:**

2

Describe in detail all the ways in which You tracked, recorded, evaluated, or analyzed any

3

referrals from doctors' offices to CRESCENDO.

4

**INTERROGATORY NO. 3:**

5

Describe in detail the decision to cease or curtail SPA payments, including who was involved,

6

when the decision was made, and any financial accounting conducted regarding the expected or

7

actual loss of business due to cessation of SPA payments.

8

**INTERROGATORY NO. 4:**

9

Describe in detail the decision to cease or curtail use of Out Of Pocket Maximums, including

10

who was involved, when the decision was made, and any financial accounting conducted regarding

11

the expected or actual loss of business due to cessation of Out Of Pocket Maximums.

12

**INTERROGATORY NO. 5:**

13

Identify all "safe harbors" on which you intend to rely to defend against Relator's claims in

14

this lawsuit, including Anti-Kickback or Stark exceptions and any other statutory or regulatory

15

exceptions, and identify all facts supporting your contention that each such exception or "safe harbor"

16

applies.

17

**INTERROGATORY NO. 6:**

18

State the basis for Your contentions that none of the OIG Advisory Opinion 05-08, the Notice

19

issued by the California Department of Public Health, or the 1994 OIG Special Fraud Alert have any

20

legal relevance as stated in paragraphs 23, 29 and 53 of Your Answer to the First Amended

21

Complaint.

22

**INTERROGATORY NO. 7:**

23

State the basis for Your denial that CRESCENDO and MYRIAD submitted claims for

24

payment to Medicare which were tainted by illegal kickbacks in paragraph 36 of Your Answer to the

25

First Amended Complaint.

26

///

27

///

28

///

1  **INTERROGATORY NO. 8:**

2  State the basis for Your denial that SPA payments are designed to induce physicians to order

3  the VectraDA test from CRESCENDO and to induce the referral of patients as stated in paragraph 49

4  of Your Answer to the First Amended Complaint.

5  **INTERROGATORY NO. 9:**

6  State the basis for Your denial that CRESCENDO presented to Medicare claims for

7  reimbursement of laboratory tests which were ordered by physicians in exchange for kickbacks and

8  that each of these claims constitutes a false claim in violation of the False Claims Act (31 U.S.C. §

9  3729 et seq.) as stated in paragraphs 51 and 52 of Your Answer to the First Amended Complaint.

10 **INTERROGATORY NO. 10:**

11 State the basis for Your denial that the agreements not to collect from patients and the cap on

12 the amount of money a patient is responsible to pay both violate the False Claims Act as stated in

13 paragraph 62 of Your Answer to the First Amended Complaint.

14

15 Dated: January 21, 2021                     **COTCHETT, PITRE & McCARTHY, LLP**

16

17 By: _____

18                                              NIALL P. McCARTHY
                                               JUSTIN T. BERGER
                                               BETHANY HILL

19                                             *Attorneys for Relator STF, LLC*

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of San Mateo.  I am over the age of 18 years and not a party to this action.  My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, August 27, 2020, I served the following document(s) in the manner described below:

    1.    **RELATOR STF, LLC'S FIRST SET OF SPECIAL INTERROGATORIES TO DEFENDANTS**

✓    **VIA E-MAIL:** My e mail address is fvazquez@cpmlegal.com.  I am readily familiar with this firm's practice for causing documents to be served by e-mail.  Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

| | |
|---|---|
| Brian Q. Hall<br>GREENBERG TRAURIG, LLP<br>4 Embarcadero Center, Suite 3000<br>San Francisco, CA 94111<br>hallbri@gtlaw.com | **COUNSEL FOR DEFENDANT CRESCENDO BIOSCIENCE, INC.** |
| Jeff P. Palmer<br>GREENBERG TAURIG<br>1900 University Ave<br>5th Floor<br>East Palo Alto, CA 94303<br>palmerj@gtlaw.com | **COUNSEL FOR DEFENDANT CRESCENDO BIOSCIENCE, INC.** |
| Carolyn Fitzhugh McNiven<br>Greenberg Traurig LLP (US)<br>4 Embarcadero Center, Suite 3000<br>San Francisco, CA 94111<br>Email: mcnivenc@gtlaw.com | **COUNSEL FOR DEFENDANT CRESCENDO BIOSCIENCE, INC.** |
| Caroline S. Donovan<br>Joanna Laing McDonough<br>Giselle J. Joffre<br>Kelley Caiazzo<br>Anthony D. Mirenda<br>FOLEY HOAG LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210-2600<br>cdonovan@foleyhoag.com<br>jmcdonough@foleyhoag.com<br>gjoffre@foleyhoag.com<br>kcaiazzo@foleyhoag.com<br>adm@foleyhoag.com | **COUNSEL FOR DEFENDANT CRESCENDO BIOSCIENCE, INC.** |

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed at Burlingame, California, on January 21, 2021.

_____
FRANCISCO J. VAZQUEZ

**PROOF OF SERVICE**