# EXHIBIT 9

GISELLE J. JOFFRE (admitted pro hac vice)
gjoffre@foleyhoag.com
CAROLINE S. DONOVAN (admitted pro hac vice)
cdonovan@foleyhoag.com
JOANNA MCDONOUGH (admitted pro hac vice)
jmcdonough@foleyhoag.com
**FOLEY HOAG LLP**
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
Telephone:     (617) 832-1000
Facsimile:      (617) 832-7000
CAROLYN F. McNIVEN, (SBN 163639)
mcnivenc@gtlaw.com
JEFFREY P. PALMER (SBN 229314)
palmerj@gtlaw.com
BRIAN Q. HALL (SBN 318209)
hallbri@gtlaw.com
**GREENBERG TRAURIG, LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1270
Facsimile: (415) 707- 2010

*Attorneys for Defendants Myriad*
*Bioscience, Inc. and Myriad Genetics, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA; STATE OF CALIFORNIA;** *ex rel.* **STF, LLC, an organization,**<br><br>Plaintiffs,<br><br>v.<br><br>**MYRIAD BIOSCIENCE, INC., a Delaware Corporation, and MYRIAD GENETICS, INC., a Delaware Corporation,**<br><br>Defendants. | **CASE NO. 3:16-cv-02043-TSH**<br><br>**MYRIAD'S RESPONSES TO RELATOR STF, LLC'S FIRST SET OF SPECIAL INTERROGATORIES** |

1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Myriad Genetics, Inc. ("Myriad") submits these responses and objections to Relator STF, LLC's First Set of Special Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

Myriad's responses to the Interrogatories are based on information known to it at this time, and are set forth without prejudice to its right to supplement these responses or to assert additional objections should it discover additional information or grounds for objection at any time before trial. Myriad's responses are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any document referenced or answer provided in response to the Interrogatories; (b) the right to object on any ground to the use of the documents referenced or answers provided in response to the Interrogatories at any hearing or trial, or; (c) the right to object on any ground at any time to a demand for further responses to the Interrogatories.

The service of these responses and objections does not constitute a waiver of the attorney-client privilege, the work product doctrine, or any other privilege, law, or immunity from discovery that may be applicable to any information provided, to any document identified, or to information contained in any such document. Reference to any document or disclosure of any information that is privileged, that was prepared in anticipation of litigation, or that is otherwise legally protected from production and/or disclosure, is inadvertent and not intended to and does not constitute a waiver of any privilege or of any other ground for objection to discovery of such document or the information contained therein or subject matter thereof or of Myriad's right to object to the use of such document or the information contained therein.

Myriad has responded to the Interrogatories as it presently interprets and understands them. If STF subsequently asserts an interpretation of any Interrogatory that differs from how Myriad's interpretation, Myriad reserves the right to supplement its objections and/or responses.

Additionally, nothing in Myriad's responses and objections to the Interrogatories is intended to mean that Myriad agrees with any implicit or explicit characterization of any facts, events, circumstances, or issues in the Interrogatories.

## GENERAL OBJECTIONS

Myriad's responses to the Interrogatories are made subject to the following objections, which apply to each Interrogatory as if incorporated and set out in full in response to each:

1.      Myriad objects to the Interrogatories and the accompanying instructions and definitions to the extent that they seek information beyond the scope of discovery allowed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any other applicable law or rule, including without limitation to the extent that information sought is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Myriad objects to the Interrogatories and the accompanying instructions and definitions to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, rule, or duty of confidentiality that precludes or limits the production of documents or disclosure of information.

3.      Myriad objects to the Interrogatories to the extent they are vague, ambiguous, or do not describe the information, item, or category of documents sought with reasonable particularity.

4.      Myriad objects to the Interrogatories to the extent they are vague, ambiguous, or do not describe the information, item, or category of documents sought with reasonable particularity.

5.      Myriad objects to the Interrogatories to the extent they are directed to issues of law.

6.      Myriad objects to the Interrogatories as premature to the extent they are directed to mixed issues of law and fact.

MYRIAD'S RESPONSES TO RELATOR STF, LLC'S FIRST SET OF SPECIAL INTERROGATORIES

7.    Myriad objects to the Interrogatories as premature to the extent they call for any expert opinion.  Myriad will provide discovery regarding expert opinions in accordance with Fed. R. Civ. Proc. 26 and the scheduling order in this case.

8.    Myriad generally objects to the Definitions set forth in the Interrogatories to the extent they attempt to define words differently than or beyond their ordinary meaning.

9.    Myriad objects to Definition A.2 for "Crescendo" insofar as it is impermissibly overinclusive, incapable of being responded to as defined, and includes any and all "domestic and foreign parents, affiliates, joint venturers, predecessors (including Riley Genomics, Inc.), and successors (including Myriad Genetics, Inc.), including but not limited to any entity of which it, directly or indirectly, any time, acquired more than 50% of the assets by merger, consolidation, reorganization, purchase, or otherwise[,]" "any entity having at least a 25% legal or beneficial ownership interest in Myriad Bioscience, Inc." and all "attorneys, accountants, consultants, [and] independent contractors."  Myriad defines Crescendo to mean only Crescendo Bioscience, Inc.

10.    Myriad objects to Definition A.8 for "Myriad" insofar as it includes any and all "domestic and foreign parents, affiliates, joint venturers, subsidiaries, divisions, predecessors, and successors, including but not limited to any entity of which it, directly or indirectly, any time, acquired more than 50% of the assets by merger, consolidation, reorganization, purchase, or otherwise" "any entity having at least a 25% legal or beneficial ownership interest in Myriad Genetics, Inc." and all "attorneys, accountants, consultants, [and] independent contractors . . . and any person acting on behalf of any of the foregoing . . . "  Myriad will answer only on behalf of Myriad Genetics, Inc.

11.    Myriad objects to Definition A.11 for "you" and "your" on the grounds that these terms as defined are over-inclusive, incapable of being responded to as defined, encompass time

4
MYRIAD'S RESPONSES TO RELATOR STF, LLC'S FIRST SET OF SPECIAL
INTERROGATORIES

periods irrelevant to this action, and purport to include "CRESCENDO from the time of its founding to the present and Myriad from the time of its acquisition of or merger with CRESCENDO to the present."  Myriad answers solely on behalf of Myriad Genetics, Inc. from its acquisition of Crescendo to present.

12.     Myriad objects to Definition A.9 for "Out of Pocket Maximums" insofar as it includes, covers, or is intended to describe anything other than the maximum-out-of-pocket program.  Myriad will answer with regard to the maximum-out-of-pocket program.

13.     Myriad objects to Instruction B.2 insofar as it would require inquiry outside of Myriad, as defined above.

14.     Myriad objects to Instruction B.4 insofar as it would require reference within (and not simply to) documents.

15.     By providing any responses, Myriad does not concede that the Interrogatories seek discoverable documents or that any information contained in Myriad's responses is relevant to the issues in this case. Myriad reserves the right at any time to further revise, correct, add to, supplement, modify, or clarify the specific responses set forth below or the information contained therein, although Myriad does not hereby undertake to do so except to the extent required by Federal Rule of Civil Procedure 26(e).

## **SPECIFIC OBJECTIONS AND RESPONSES**

Myriad specifically incorporates each of the foregoing General Objections into its specific objections to the Interrogatory.  The following specific response is subject to, and without waiver of, these General Objections.

MYRIAD'S RESPONSES TO RELATOR STF, LLC'S FIRST SET OF SPECIAL
INTERROGATORIES

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail all steps You took to calculate the FMV of SPA payments, including but not limited to, the method of calculation, the results, the identity of the individuals involved in those calculations, and a description of all documents you reviewed or created in connection with those calculations.

**RESPONSE TO INTERROGATORY NO. 1:**

Myriad objects to this Interrogatory as overbroad and unduly burdensome because (inter alia) it would require Myriad to describe literally hundreds of documents reviewed or created during an over-10 year period in connection with FMV calculations, including those already produced in discovery in this case, and create a detailed narrative of over ten-years of activity.  Myriad further objects to this Interrogatory as premature to the extent it calls for any expert opinion(s).  Myriad will provide discovery regarding expert opinions in accordance with Fed. R. Civ. Proc. 26 and the scheduling order in this case.

Subject to and without waiving any objections, Myriad states that it is the parent company of Crescendo, and that Crescendo, not Myriad, "calculate[d] the FMV of SPA payments."  To the extent a further answer is required, see the response of Crescendo to the corresponding Interrogatory served on it.

**INTERROGATORY NO. 2:**

Describe in detail all the ways in which You tracked, recorded, evaluated, or analyzed any referrals from doctors' offices to CRESCENDO.

**RESPONSE TO INTERROGATORY NO. 2:**

Myriad objects to this Interrogatory as overbroad and unduly burdensome insofar as it requests "all the ways" in which "any referrals from doctors' offices" were kept, and presumably

MYRIAD'S RESPONSES TO RELATOR STF, LLC'S FIRST SET OF SPECIAL
INTERROGATORIES

includes every medical and billing record generated in the course of examining any and all samples sent from any and all physician offices

Subject to and without waiving any objections, Myriad states that it is the parent company of Crescendo, and that Crescendo, not Myriad, "tracked, recorded, evaluated, or analyzed any referrals from doctors' offices."  To the extent a further answer is required, see the response of Crescendo to the corresponding Interrogatory served on it.

**INTERROGATORY NO. 3:**

Describe in detail the decision to cease or curtail SPA payments, including who was involved, when the decision was made, and any financial accounting conducted regarding the expected or actual loss of business due to cessation of SPA payments.

**RESPONSE TO INTERROGATORY NO. 3:**

Myriad objects to this Interrogatory as unduly vague and overbroad insofar and among other things it presumes that there was a single "decision" that related to all SPA payments; is unlimited in terms of time, place, and circumstance; and presumes that there in fact was a decision to "cease or curtail SPA payments" to all recipients on a single day and time.  Myriad further objects to this Interrogatory insofar as it purports to characterize in any way the business judgment to terminate physician office SPAs either generally or individually.

Subject to and without waiving any objections, Myriad states that it is the parent company of Crescendo, and that Crescendo, not Myriad, "deci[ded] to cease or curtail SPA payments."  To the extent a further answer is required, see the response of Crescendo to the corresponding Interrogatory served on it.

MYRIAD'S RESPONSES TO RELATOR STF, LLC'S FIRST SET OF SPECIAL INTERROGATORIES

**INTERROGATORY NO. 4:**

Describe in detail the decision to cease or curtail use of Out Of Pocket Maximums, including who was involved, when the decision was made, and any financial accounting conducted regarding the expected or actual loss of business due to cessation of Out Of Pocket Maximums.

**RESPONSE TO INTERROGATORY NO. 4:**

Myriad objects to this Interrogatory as vague insofar as it seeks it seeks information concerning "the decision to . . . curtail use of Out Of Pocket Maximums."  Myriad further objects to this Interrogatory insofar as it purports to characterize in any way the business judgment to terminate Out Of Pocket Maximums.

Subject to and without waiving any objections, Myriad states that it is the parent company of Crescendo, and that Crescendo, not Myriad, "deci[ded] to cease or curtail use of Out of Pocket Maximums."  To the extent a further answer is required, see the response of Crescendo to the corresponding Interrogatory served on it.

**INTERROGATORY NO. 5:**

Identify all "safe harbors" on which you intend to rely to defend against Relator's claims in this lawsuit, including Anti-Kickback or Stark exceptions and any other statutory or regulatory exceptions, and identify all facts supporting your contention that each such exception or "safe harbor" applies.

**RESPONSE TO INTERROGATORY NO. 5:**

Myriad objects to this Interrogatory insofar as it does not appropriately characterize paragraph 36 of STF's First Amended Complaint.  Myriad further objects to this Interrogatory to the extent it is directed to issues of law.  Additionally, as directed to mixed issues of law and fact, this Interrogatory is premature until discovery has been completed.  Furthermore, Myriad objects to this Interrogatory as premature to the extent it calls for any expert opinion.  Myriad will provide discovery regarding expert opinions in accordance with Fed. R. Civ. Proc. 26 and the scheduling

MYRIAD'S RESPONSES TO RELATOR STF, LLC'S FIRST SET OF SPECIAL INTERROGATORIES

order in this case.  To the extent a response is required while discovery is ongoing, Myriad states that it has no legal liability as the parent company of Crescendo.

**INTERROGATORY NO. 6:**

State the basis for Your contentions that none of the OIG Advisory Opinion 05-08, the Notice issued by the California Department of Public Health, or the 1994 OIG Special Fraud Alert have any legal relevance as stated in paragraphs 23, 29 and 53 of Your Answer to the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Myriad objects to this Interrogatory to the extent it is directed to issues of law.  Myriad further objects that this Interrogatory, as directed to mixed issues of law and fact, is premature until discovery has been completed.  Additionally, Myriad objects to this Interrogatory as premature to the extent it calls for any expert opinion.  Myriad will provide discovery regarding expert opinions in accordance with Fed. R. Civ. Proc. 26 and the scheduling order in this case.  To the extent a response is required while discovery is ongoing, Myriad states that it has no legal liability as the parent company of Crescendo.

**INTERROGATORY NO. 7:**

State the basis for Your denial that MYRIAD and MYRIAD submitted claims for payment to Medicare which were tainted by illegal kickbacks in paragraph 36 of Your Answer to the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

Myriad objects to this Interrogatory insofar as it does not appropriately characterize paragraph 36 of STF's First Amended Complaint.  Myriad further objects to this Interrogatory to the extent it is

9

directed to issues of law.  Additionally, as directed to mixed issues of law and fact, this Interrogatory is premature until discovery has been completed.  Furthermore, Myriad objects to this Interrogatory as premature to the extent it calls for any expert opinion.  Myriad will provide discovery regarding expert opinions in accordance with Fed. R. Civ. Proc. 26 and the scheduling order in this case.  To the extent a response is required while discovery is ongoing, Myriad states that it has no legal liability as the parent company of Crescendo.

**INTERROGATORY NO. 8:**

State the basis for Your denial that SPA payments are designed to induce physicians to order the VectraDA test from MYRIAD and to induce the referral of patients as stated in paragraph 49 of Your Answer to the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

Myriad objects to this Interrogatory insofar as it does not appropriately characterize paragraph 49 of STF's First Amended Complaint.  Myriad further objects to this Interrogatory to the extent it is directed to issues of law.  Additionally, as directed to mixed issues of law and fact, this Interrogatory is premature until discovery has been completed.  Furthermore, Myriad objects to this Interrogatory as premature to the extent it calls for any expert opinion.  Myriad will provide discovery regarding expert opinions in accordance with Fed. R. Civ. Proc. 26 and the scheduling order in this case.  To the extent a response is required while discovery is ongoing, Myriad states that it has no legal liability as the parent company of Crescendo.

**INTERROGATORY NO. 9:**

State the basis for Your denial that MYRIAD presented to Medicare claims for reimbursement of laboratory tests which were ordered by physicians in exchange for kickbacks and that each of these claims constitutes a false claim in violation of the False Claims Act (31 U.S.C. § 3729 et seq.) as stated in paragraphs 51 and 52 of Your Answer to the First Amended Complaint.

MYRIAD'S RESPONSES TO RELATOR STF, LLC'S FIRST SET OF SPECIAL INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 9:**

Myriad objects to this Interrogatory insofar as it does not appropriately characterize paragraphs 51 and 52 of STF's First Amended Complaint.  Myriad further objects to this Interrogatory to the extent it is directed to issues of law.  Additionally, as directed to mixed issues of law and fact, this Interrogatory is premature until discovery has been completed.  Furthermore, Myriad objects to this Interrogatory as premature to the extent it calls for any expert opinion.  Myriad will provide discovery regarding expert opinions in accordance with Fed. R. Civ. Proc. 26 and the scheduling order in this case.  To the extent a response is required while discovery is ongoing, Myriad states that it has no legal liability as the parent company of Crescendo.

**INTERROGATORY NO. 10:**

State the basis for Your denial that the agreements not to collect from patients and the cap on the amount of money a patient is responsible to pay both violate the False Claims Act as stated in paragraph 62 of Your Answer to the First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 10:**

Myriad objects to this Interrogatory insofar as it does not appropriately characterize paragraph 62 of STF's First Amended Complaint.  Myriad further objects to this Interrogatory to the extent it is directed to issues of law.  Additionally, as directed to mixed issues of law and fact, this Interrogatory is premature until discovery has been completed.  Furthermore, Myriad objects to this Interrogatory as premature to the extent it calls for any expert opinion.  Myriad will provide discovery regarding expert opinions in accordance with Fed. R. Civ. Proc. 26 and the scheduling order in this case.  To the extent a response is required while discovery is ongoing, Myriad states that it has no legal liability as the parent company of Crescendo.

1

**JURAT**

2         On behalf of Myriad Genetics, Inc. ("Myriad"), I have read the foregoing Responses to Relator STF, LLC's First Set of Special Interrogatories. The information provided therein is the

3 product of inquiry to other entities as needed, was prepared by or with the assistance of agents, employees, representatives or attorneys of the corporation, or others believed to have relevant

4 information, and with the assistance and advice of counsel, upon which I have relied. The information set forth herein, subject to inadvertent or undiscovered errors or omissions, is based on

5 and therefore necessarily limited by the records and information still in existence, presently recollected, thus far discovered in the course of the preparation of these Responses, and currently

6 available to Myriad. Consequently, Myriad reserves the right to make any changes in or additions to any of the foregoing if it appears at any time that errors or omissions have been made therein.

7
         Subject to the limitations set forth herein, the foregoing is true to the best of my present

8 knowledge, information and belief. I certify under penalty of perjury on behalf of Myriad that the foregoing is true and correct. Executed on this 1st day of March, 2021.

9

10

11 Nathan Smith
Myriad Genetics, Inc.

12

13

14 As to Objections:

15 Caroline

16

17 FOLEY HOAG, LLP
Giselle Joffre (admitted *pro hac vice*)

18 Caroline Donovan (admitted *pro hac vice*)
Joanna McDonough (admitted *pro hac vice*)

19 155 Seaport Boulevard
Boston, MA 02210-2600

20 Dated:   March 1, 2021         Tel. No. (617) 832-1000

21

22

23

24

25

26

27

28

12
MYRIAD'S RESPONSES TO RELATOR STF, LLC'S FIRST SET OF SPECIAL
INTERROGATORIES

<u>**CERTIFICATE OF SERVICE**</u>

On this day, March 1, 2021, I served the following document(s) in the manner described below:

1. **MYRIAD'S RESPONSES TO RELATOR STF, LLC'S FIRST SET OF SPECIAL INTERROGATORIES**

√ **VIA E-MAIL:** My e-mail address is cdonovan@foleyhoag.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

Niall P. McCarthy (nmccarthy@cpmlegal.com)
Justin T. Berger (jberger@cpmlegal.com)
Bethany Hill (bhill@cpmlegal.com)
Cotchett, Pitre & McCarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010

Counsel for Relator STF, LLC

I declare under penalty of perjury, under the laws of the United States of America, that the

foregoing is true and correct. Executed at Boston, Massachusetts on March 1, 2021.

_  /s/ Caroline S. Donovan_
Caroline S. Donovan