# EXHIBIT 10



Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600

617 832 1000 *main*
617 832 7000 *fax*

Caroline Donovan
*617 832 1165 direct*
cdonovan@foleyhoag.com

March 4, 2021

**via Electronic Mail**

Niall P. McCarthy
Justin T. Berger
Bethany Hill
Cotchett, Pitre & McCarthy, LLP
nmccarthy@cpmlegal.com
jberger@cpmlegal.com
bhill@cpmlegal.com

      **Re:**   *U.S., Cal., ex rel. STF, LLC v. Crescendo Bioscience, Inc. and Myriad Genetics, Inc.*, C.A. No. 3:16-cv-02043-TSH (N.D. Cal.)

Dear Bethany:

We write in reply to your response letter dated January 29, 2021 concerning issues raised by Crescendo Bioscience, Inc. ("Crescendo") with STF's, LLC's ("STF") document production and relevance objections lodged at the deposition of Christopher Riedel. Additionally, we write to request that you supplement your responses to Crescendo and Myriad Genetics, Inc.'s Second Set of Interrogatories (the "Interrogatories").

*Document Production Concerns*

In our original correspondence of January 15, 2021, we requested that you produce communications between Dr. Felice Gersh and Mr. Riedel and/or a log of those communications you contend are privileged.  In response, you stated that the communications between Dr. Gersh and Mr. Riedel prior to the formation of STF "were not about Crescendo and were therefore not responsive and would likely be covered by the work product and/or attorney-client privilege as they relate to other litigation."  You also stated that there are no direct communications between Dr. Gersh and Mr. Riedel, meaning without the presence of counsel, following STF's formation.

We also requested that you produce responsive documents from Mr. Riedel's iPhone calendar, after he testified that he used an iPhone calendar, which he could consult for indications of any meeting with Dr. Gersh.  Riedel Tr. at 28:3-19.  In response, you question the probative value of such information, asserting relevance and burden.

The difficulty with STF's position is that it completely elides discoverable information. Clearly, it is relevant when Dr. Gersh and Mr. Riedel came to know one another, for what

March 4, 2021
Page 2

purpose, and when they began to discuss Crescendo. This information would either be produced in discovery or, to the extent it may be privileged, logged on a privilege log. By contrast, in this litigation, we have neither: Mr. Riedel could not testify to this issue, no such communication has been produced or included on a privilege log, and now you contend undue burden in searching Mr. Riedel's iPhone calendar for responsive information that could be contained therein.

Frankly, it strains credibility that there are no communications or record of communications directly between Dr. Gersh and Mr. Riedel, without the presence of counsel, prior to the formation of STF. If that is truly your position, please state so. To the extent that Crescendo came to Dr. Gersh and Mr. Riedel's attention in the course of another litigation, then such communications would also be responsive to the requests for production here. If you contend those communications are privileged, then log them on a privilege log so that we are able to properly assess the claim of privilege.

With respect to Mr. Riedel's iPhone calendar, that source ought to have been searched in the first instance. *See* Defendants' First Set of Requests for Production to Relator STF, LLC ("Defendants' RFPs") at 2. To the extent his calendar includes entries responsive to these requests, then they must be produced. Further, there is almost no burden in searching an iPhone calendar; this is standard functionality accessible to any iPhone user.

In your letter of January 29, you stated you would investigate "the status of any relevant text messages." As with the iPhone calendar, Mr. Riedel's text messages ought to have been searched and produced in the first instance. *See* Defendants' RFPs at 2. Please produce Mr. Riedel's responsive text messages immediately.

Further, please confirm that all of Mr. Riedel's potentially responsive documents—emails, text messages, calendar entries, as well as other documents, both electronic and paper—have been preserved. The failure to produce certain categories—text messages and calendar entries—and the absence of any direct communications between Mr. Riedel and Dr. Gersh have created concern that responsive material was not preserved, and thus cannot be searched for production.

With respect to your other responses, we will agree that communications with counsel need not be produced; we will do the same on our end and thus we will not log communications with outside and/or in-house counsel. We do not agree, however, that the parties need not log other documents, like the time and motion study you performed, which you contend is protected by a privilege.[1] Without logging, there is no ability to even know what is being withheld and no ability to assess a claim of privilege. Please produce a privilege log immediately containing those documents you contend are covered by a claim or privilege (excluding, as agreed, communications with counsel).

---

[1] We dispute that your time and motion study is protected by any privilege, but that makes the point: we need to know what you claim is privileged, in order to challenge any claims that are suspect.

March 4, 2021
Page 3

### *Relevance Objections*

At Mr. Reidel's deposition, we asked Mr. Riedel to provide the settlement amount in *M. Delzell v. C. Riedel, et al,* 12-CV-229444, a case he testified related to claims that Mr. Riedel and Mr. Delzell had a secret deal with respect to the Quest lawsuit. Riedel Tr. at 167:3-169:7. Counsel refused to allow Mr. Riedel to answer. You now state that this information may be subject to "genuine confidentiality obligations," and further that this information is sought "solely to indirectly impugn Mr. Riedel's character or integrity." We dispute these justifications and any refusal to provide relevant information on this topic.

First, any confidentiality concerns, to the extent any exist, can be addressed pursuant to the parties' Protective Order. Dkt. No. 75. Second, this information is clearly probative: Mr. Riedel is the relator seeking significant damages from Crescendo. How Mr. Riedel, a serial relator, resolved disputes with past relator partners bears on his approach to the enterprise of qui tam litigations. We are a bit confounded how a settlement figure itself goes to character or integrity, and will admit that the sensitivity around this matter suggests there is more here than Mr. Riedel was allowed to testify to at his deposition.

Please provide the settlement figure immediately.

### *Responses to Interrogatories*

On November 6, 2020, Myriad and Crescendo served their second set of interrogatories on STF. STF answered those interrogatories, in part, on December 7, 2020, noting in most of its answers that "[d]iscovery and investigation are ongoing and [STF] reserves the right to supplement and/or amend its response hereto." Given three months have passed since this response and with the impending close of fact discovery, please provide any supplemental answers.

As you know, Mr. Riedel's deposition remains open as we await the above information regarding privilege and confidentiality. If you do not respond substantively to these matters promptly, we will address these matters with the Court.

Very truly yours,

*/s/ Caroline S. Donovan*

Caroline S. Donovan


cc:  Giselle Joffre, Esq.
     Anthony Mirenda, Esq.