# EXHIBIT 12

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FACSIMILE (650) 697-0577
www.cpmlegal.com

LOS ANGELES

NEW YORK

March 10, 2021

**VIA E-MAIL AND MAIL**
Caroline S. Donovan
Foley Hoag
155 Seaport Blvd.
Boston, MA 02210-2600
cdonovan@foleyhoag.com

    Re:   *U.S., Cal., ex rel. STF, LLC v. Crescendo Bioscience, Inc. v. Myriad Genetics, Inc*., C.A. No. 3:16-cv-02043-TSH (N.D. Cal.)

Ms. Donovan:

This letter addresses concerns with the responses and objections, served on March 1, 2021, in response to the special interrogatories, set one, propounded by Relator STF, LLC ("Relator" or "STF") to Crescendo Bioscience, Inc. ("Crescendo") and Myriad Genetics Inc. ("Myriad") (Crescendo and Myriad collectively, "the Defendants").

**Interrogatory Nos. 5-10.**

Defendants objected to these interrogatories for a variety of reasons, which are mostly boilerplate and unexplained in how they apply. However, Defendants rely heavily on the objections that these interrogatories are directed at issues of law, or mixed issues of law and fact. These objections are improper.

None of the interrogatories ask about questions of "pure law," which are inappropriate subject matters for interrogatories. The Rutter Guide notes that "Rule 33 does not permit interrogatories directed to issues of 'pure law'—i.e., abstract legal issues not dependent on the facts of the case. [*O'Brien v. International Brotherhood of Electrical Workers* (ND GA 1977) 443 F.Supp. 1182, 1187; FRCP 33(c), 2nd para., Adv. Comm. Notes (1970)]. For example, 'Do you contend that the Employee Retirement Income Security Act of 1974 (ERISA) preempts the application of California Labor Code § 227.3 with respect to vacation pay programs of employers subject to ERISA?'" would be an improper question. B. Interrogatories, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-B.

Unlike the Rutter Guide's example of an interrogatory that relates to "pure law," each of Interrogatory Nos. 5-10 relate to mixed issues of law and fact, which are the proper subject matter

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

March 10, 2021
Page 2

of discovery efforts. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact <u>or the application of law to fact</u>." Fed. Rules Civ. Proc., Rule 33(a)(2) (emphasis added). Further, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. Rules Civ.Proc., Rule 26(b)(1).

Interrogatory No. 5 asks Defendants to state the safe harbors on which Defendants intend to rely, and the facts supporting that reliance. Moreover, Interrogatory No. 5 is directly related to the Defendants' defenses, which are not privileged. Defendants' responses are wholly inadequate when they state that Defendants "will rely on applicable safe harbors under all applicable statutes based on the evidence adduced and arguments made by STF." These responses are deflections that do not answer the question.

Interrogatory No. 6 asks Defendants to explain its claim about why a legal document is irrelevant to the facts of this case. This question is directed at a fact-heavy legal position, which is an appropriate subject of inquiry per FRCP 33(a)(2).

Interrogatory Nos. 7-10 ask Defendants to explain the basis for various denials. These questions are directed at fact-heavy legal positions, which are appropriate subjects of inquiry per FRCP 33(a)(2).

The other objections that Defendants offer to avoid answering the interrogatories are inapplicable or unexplained. For example, Defendants object to the extent that these interrogatories call for an expert opinion, but Defendants make no argument as to why these interrogatories call for an expert opinion, and they fail to substantively answer the questions to the extent an expert opinion is not called for.

For the above reasons, Relator requests that Defendants supplement their discovery responses to Interrogatory Nos. 5-10 by the close of fact discovery, or March 15, 2021.

\*\*\*

We are amenable to further meet and confer efforts as necessary. Given that we are so near to the close of fact discovery, we request a prompt response and a scheduling of a telephone call, if Defendants believe such a call is warranted.

Sincerely,

BETHANY M. HILL

cc: Justin Berger
    Anthony Mirenda
    Giselle Joffre