# EXHIBIT 13


Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600

617 832 1000 *main*
617 832 7000 *fax*

Caroline Donovan
*617 832 1165 direct*
cdonovan@foleyhoag.com

March 11, 2021

**via Electronic Mail**

Niall P. McCarthy
Justin T. Berger
Bethany Hill
Cotchett, Pitre & McCarthy, LLP
nmccarthy@cpmlegal.com
jberger@cpmlegal.com
bhill@cpmlegal.com

Re:   *U.S., Cal., ex rel. STF, LLC v. Crescendo Bioscience, Inc. and Myriad Genetics, Inc.*, C.A. No. 3:16-cv-02043-TSH (N.D. Cal.)

Dear Bethany:

I write on behalf of Crescendo Bioscience, Inc. ("Crescendo") in reply to your March 9, 2021 letter concerning Crescendo's document productions.

In its letter, STF requests that Crescendo stipulate that the documents it produced are "true and accurate to the best of Crescendo's knowledge" and agree that "Crescendo will not object to the admissibility or authenticity" of those same documents, based on STF's allegation that Crescendo's document production efforts have been untimely.

As an initial matter, you did not need to offer up groundless accusations in order to make these requests. Of course Crescendo will stipulate that the documents it produced are "true and accurate to the best of Crescendo's knowledge" and that the documents are "authentic." That is a reasonable request in almost any case, and of course we would expect that STF will make a corresponding stipulation that all of the documents produced by STF are "authentic" and "true and accurate to the best of STF's knowledge". On the other hand, Crescendo will not stipulate today to the "admissibility" at trial of all nearly two hundred thousand pages of documents produced by it (199,816 pages to be exact). That request is both premature and unreasonable on its face – there is no conceivable way that all two hundred thousand pages would really be offered by you as trial exhibits, and there is no conceivable way that any party could be in a position to assess the true relevance and necessity at trial of any particular document, much less <u>every single document</u>, until the pretrial process contemplated in this case. Obviously, admissibility at trial depends on a host of factors, many of which, for example, relevance, may not be fully understood until closer to trial. At the appropriate time, we will of course work with you to attempt to resolve or narrow any

B5251831.2

March 11, 2021
Page 2

evidentiary objections to the small subset of documents from this universe that you actually would propose to use at trial, should we get there. And we would expect the same from you.

That said, I must respond to your accusation. Crescendo's document productions are timely. Crescendo's document collection and production efforts have been vast: First, we collected over 2 million documents from 38 custodians. We negotiated with you in good faith and ultimately agreed to a set of particular search terms. We then applied those agreed-to search terms, resulting in over 200,000 documents for eyes-on review. That review was done by a team of 21 reviewers over a period of months at a cost of hundreds of thousands of dollars in reviewer-time alone. As a result of these efforts, Crescendo produced nearly 200,000 pages of responsive, non-privileged documents. Over 191,000 pages were produced before the end of February 2021, well in advance of the close of fact discovery. As is always the case in matters with extensive document productions, a few documents have trickled over, though the scale of these recent productions pale in comparison to the massive amount of documents produced before the end of February, as the parties had agreed. We will produce the small set of remaining documents shortly, and in any event, before the March 15, 2021 close of fact discovery. Given all of the above, there can be no credible allegation of bad faith against Crescendo.

In contrast, your clients (STF, Dr. Gersh, IMGI, and Mr. Tyghenhof) produced only 252 documents, excluding patient files, by the end of February 2021, and, it turns out, did not even search the email of any IMGI employee other than Dr. Gersh, or search the email of Mr. Tygenhof at all. STF sat on 155 crucially relevant documents until last week, producing them on Tuesday, March 2, 2021, the day before the deposition of Mr. Tygenhof and just three days before the deposition of Dr. Gersh (both of which were delayed because it took several months because for IMGI to produce certain patient files). We have addressed these and other discovery issues in a separate letter from my colleague Giselle Joffre, served earlier today. But in light of all of this, any suggestion that Crescendo has been dilatory is especially confounding.

Very truly yours,

*/s/ Caroline S. Donovan*

Caroline S. Donovan

cc: Giselle Joffre, Esq.
    Anthony Mirenda, Esq.

B5251831.2