# EXHIBIT 14



Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600

617 832 1000 *main*
617 832 7000 *fax*

Caroline Donovan
*617 832 1165 direct*
cdonovan@foleyhoag.com

March 11, 2021

**via Electronic Mail**

Niall P. McCarthy
Justin T. Berger
Bethany Hill
Cotchett, Pitre & McCarthy, LLP
nmccarthy@cpmlegal.com
jberger@cpmlegal.com
bhill@cpmlegal.com

      Re:    *U.S., Cal., ex rel. STF, LLC v. Crescendo Bioscience, Inc. and Myriad Genetics, Inc.*, C.A. No. 3:16-cv-02043-TSH (N.D. Cal.)

Dear Bethany:

    I write on behalf of Crescendo Bioscience, Inc. ("Crescendo") and Myriad Genetics, Inc. ("Myriad") in response to your letter dated March 10, 2021 concerning Crescendo and Myriad's responses to interrogatories numbers 5-10, served on STF, LLC ("STF") on March 1, 2021. In its letter, STF requests supplementation by the close of fact discovery on March 15, 2021. For the reasons that follow, and for reasons described more fully in the letter from my colleague Giselle Joffre served earlier today regarding STF's litany of discovery failings, Crescendo and Myriad will supplement its interrogatory answers within seven (7) days of STF remedying its discovery deficiencies and providing the discovery necessary for Crescendo and Myriad to answer those interrogatories.

    First, it is well-settled that pure issues of law are an inappropriate basis for an interrogatory. In your letter, you cite The Rutter Guide for this point. We agree with the statement of law contained therein. Certainly aspects of each STF interrogatory encroach on this prohibition, calling for articulations of safe harbors under the various statutes at issue (no. 5), the legal irrelevance of certain guidance (no. 6), and explanations of the legality of conduct under those same statutes (nos. 7-10).[1]

    Second, and more pointedly, Crescendo and Myriad are entitled to answer contention interrogatories like those STF propounded *after* concluding discovery. Rule 33 expressly provides so with respect to contention interrogatories, stating, "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the

---

[1] Beyond issues of law, the interrogatories are also objectionable to the extent they call for expert opinion testimony and for which Crescendo and Myriad's responses may be dependent on expert analysis.

B5252548.1

March 11, 2021
Page 2

application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. Proc. 33(a)(2). Embracing these principles, courts routinely defer answers to contention interrogatories until discovery is substantially completed. *See, e.g.*, *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332-34, 345-47 (N.D. Cal. 1985) (articulating a presumption against contention interrogatories before discovery is substantially completed and ordering answers to contention interrogatories 60 days after document discovery was completed). Unfortunately, STF's belated disclosure just last week of the FBI's involvement in this matter has left a gaping hole in discovery of STF's making. Additionally, there are already two depositions scheduled for the beginning of next week, which deposition testimony bears on the interrogatories STF propounded.

Conduct by STF and its counsel make this point: Just last week, STF produced centrally relevant emails that had been in counsel's possession since 2016. It made these productions three days before the deposition of Felice Gersh, one of two members of the relator. At her deposition, Dr. Gersh provided still more crucially relevant information. Not for nothing, much of this information should have been produced earlier in the various other discovery responses provided by STF. Yet, for reasons that remain to be determined, STF and its counsel elected to omit any reference to the FBI's involvement until the bitter end. Clearly this information impacts Crescendo and Myriad's defenses, which information is called for in response to interrogatories 5-10. And as detailed in Ms. Joffre's letter earlier today, STF's failure to disclose the FBI's involvement, coupled with other significant breaches of STF's discovery obligations (including the failure to even attempt to search or collect documents from Robert Tygenhof), have forced Crescendo and Myriad to pursue other discovery in the days before fact discovery closes. This additional discovery is substantial, extending to document production (including a complete production of Dr. Gersh's correspondence with the FBI, and the collection, review, and production of Mr. Tygenhof's documents (for the first time)) and depositions, including of relevant federal and state agents just disclosed last week and Rule 30(b)(6) witnesses necessary to provide information about these new facts and to remedy Dr. Gersh's lack of preparedness as a Rule 30(b)(6) witness.

In this posture, to require answers to interrogatories while key facts have only just been disclosed and are still being pursued, would be inappropriate.

As a result, we believe it only fair that Crescendo and Myriad be permitted to conclude the necessary discovery and then provide answers to interrogatories within seven (7) days therefrom. Please let us know by Friday, March 12, 2021 whether we have your agreement.

Very truly yours,

*/s/ Caroline S. Donovan*

Caroline S. Donovan

B5252548.1

March 11, 2021
Page 3

cc: Giselle Joffre, Esq.
     Anthony Mirenda, Esq.

B5252548.1