# EXHIBIT 15



Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600

617 832 1000 *main*
617 832 7000 *fax*

Giselle J. Joffre
*617 832 1173 direct*
gjoffre@foleyhoag.com

March 11, 2021

**via Electronic Mail**

Niall P. McCarthy
Justin T. Berger
Bethany Hill
Cotchett, Pitre & McCarthy, LLP
nmccarthy@cpmlegal.com
jberger@cpmlegal.com
bhill@cpmlegal.com

      Re:    *U.S., Cal., ex rel. STF, LLC v. Crescendo Bioscience, Inc. and Myriad Genetics, Inc.*, C.A. No. 3:16-cv-02043-TSH (N.D. Cal.)

Dear Counsel:

      STF, LLC, Felice Gersh MD, APC (d/b/a Integrative Medicine Group of Irvine ("IMGI")), Mr. Robert Tygenhof and Dr. Felice Gersh, (collectively your "Clients") all of whom you represent, have failed to meet their discovery obligations in the above-referenced matter. Your Clients' intentional failure to respond to discovery in a timely manner, or in some instances at all, and misleading responses have prevented Crescendo Biosciences, Inc. ("Crescendo") and Myriad Genetics, Inc. ("Myriad") from obtaining information essential to their defense in this case. As a result, Crescendo and Myriad are entitled to immediate remediation of the deficiencies prior to the March 15, 2021 discovery deadline. In addition, Crescendo and Myriad reserve their rights to seek appropriate remedies from the Court.

      Crescendo and Myriad have separately detailed additional discovery deficiencies concerning your client Mr. Chris Riedel as early as January 15, 2021. These deficiencies have yet to be resolved and are addressed in a separate letter to you from my colleague Caroline Donovan dated March 11, 2021.

    **I.**    **Intentional Concealment of Dr. Gersh's Involvement with the FBI**

      Despite several requests that required disclosure of the information, you failed to disclose Dr. Gersh's involvement with the Federal Bureau of Investigation ("FBI"), prior to and after the filing of the complaint in this matter. It was not until her deposition on March 5, 2015,[1] that Dr. Gersh testified that she entered into an agreement to serve as a confidential

---

[1] We originally noticed Dr. Gersh's deposition for September 2, 2020. The deposition was then rescheduled for December 10, 2020 but was further delayed due to the delay in production of Relator's privilege log and Dr. Gersh's patient files, eventually made on December 14, 2020 and January 21, 2021 respectively.

March 11, 2021
Page 2

informant for the FBI working with Agent John Habben. This information is clearly relevant, in fact, pivotal to the allegations in the Amended Complaint and your failure to disclose this information until the bitter end could only have been intentional. In fact, there were several earlier instances in the discovery period at which time you should have produced the information pertaining to this FBI connection:

> (1) <u>Despite their alleged pivotal roles in working with Dr, Gersh, neither Agent John Habben nor Agent Vladislav Mikulich were identified in Interrogatory Responses</u>

On July 7, 2020, the Defendants served STF, LLC with Interrogatories requiring the identification of any individual with information concerning the allegations of the Complaint. After requesting from us and being granted a multi-week extension, you served your responses on August 27, 2020. You did not name Agent John Habben or Agent Mikulich in those interrogatory responses or any other discovery prior to March 2. Dr. Gersh testified that she entered into the Specimen Processing Agreement with Crescendo at issue in the complaint at Agent Habben's instruction and that she worked closely with both agents – all of this was known to you for years prior to serving those interrogatory answers, yet it was concealed.

> (2) <u>Documents concerning the government agents were intentionally withheld until days before the Tygenhof and Gersh depostions</u>.

On July 7, 2020 Defendants served STF, LLC with its First Set of Requests for Production. On August 3, 2020, Defendants served document subpoenas on Felice Gersh MD, Inc. and Mr. Tygenhof, for which you accepted service. On December 14, 2020, upon production of a privilege log, you represented that all documents had been produced in response to those requests. Despite this representation, you failed to produce email communications between Dr. Gersh and Agent Habben and Agent Vlad until March 2, three days prior to Dr. Gersh's deposition and less than two weeks before the close of discovery. Metadata for these documents reveal that these documents have been in your firm's possession (specifically the possession of Justin Berger) since at least September 2016. Clearly, the failure to produce these documents with the original response or to record any of these communications on the privilege log were part of an intentional attempt to prevent the Defendants from seeking additional information concerning Dr. Gersh's involvement in the Agents' investigation. Moreover, while the documents produced on March 2 showed that Dr. Gersh communicated with the Agents concerning other labs, they did not reveal that Dr. Gersh worked with Agents with respect to Crescendo. As discussed below, it appears that there are still more communications that continue to be concealed.

> (3) <u>No communications with the agents were included on the privilege log and a common interest agreement, if any, has not been produced.</u>

Plaintiffs' counsel is apparently involved in Dr. Gersh's relationship with the FBI. Dr. Gersh testified that while there was no formal expiration of her confidential informant agreement, she believed that information was flowing through your law firm to the agents as of March

March 11, 2021
Page 3

2016. The privilege log you produced on December 14, 2020 fails to record any communications as between Dr. Gersh and the agents or Cotchett, Pitre & McCarthy and the agents. Putting aside the lack of legitimacy for any privilege that you might now seek to assert, the fact that these documents did not even appear on your log constitutes a waiver and of course concealed them from our (and the Court's) ability to evaluate such a claim.

> (4) <u>Gaps in the document production suggest an incomplete production or spoliation of documents.</u>

Furthermore, there appear to be gaps in the belated production of the emails between Dr. Gersh and the Agents. The content of the earliest of the newly-produced emails suggest that Dr. Gersh and the Agents had had prior communications. In addition, the emails do not reflect any correspondence concerning the confidential informant agreement that Dr. Gersh testified about or any communications concerning Crescendo.

Because even the documents produced on March 2 do not establish a connection between the Agents and Crescendo, it was not until Dr. Gersh's testimony on Friday, March 5, 2021 that Crescendo and Myriad were given the opportunity to consider the need to depose the Agents. The fact of Dr. Gersh's connection with the FBI was long known to you. Those documents could and should have been produced with your initial document production.[2] As you should be aware, the government will presumably require a lengthy *Touhy* review with respect to any request to depose or subpoena documents from Agent Habben, by design, you have attempted to prevent Defendants from having sufficient time to inquire into these matters.

## II.    Dr. Gersh's Lack of Preparation as Rule 30(b)(6) Witness for IMGI

Dr. Gersh's testimony revealed that she failed to make any effort to prepare for her role as the Rule 30(b)(6) deponent for IMGI. By her own admission, she prepared less than one hour for her deposition, which was clearly inadequate. Not only did she lack information on the enumerated Rule 30(b)(6) topics, she claimed that she lacked the most basic knowledge about her own medical practice that any medical practice owner should have even without preparation. She claimed not to know the last names of any of her employees except for her husband. She denied knowing even to an order of magnitude her own salary, IMGI's revenue for 2020 or IMGI's profit for 2020. Many of the Rule 30(b)(6) topics agreed to in advance at a meet and confer on February 18, 2021, required that Dr. Gersh be knowledgeable about, for example "the person(s) involved in specimen collection from patients" and "the titles and salaries of the person(s) involved in specimen collection from patients."[3] At the deposition, she could not testify to the salaries of the medical assistants involved in the specimen collection process and had no knowledge of the IMGI costs

---

[2] Only 155 emails were produced on March 2 and metadata show that the documents were in your possession since 2016.

[3] At the February 18, 2021 meet and confer, no objections were raised about Topic 1; in fact, counsel stated that Topic 1, among others, "seemed fine." IMGI provided written objections to the 30(b)(6) topics narrowing her proposed testimony the evening before Dr. Gersh's deposition and in contravention of the representations made at the parties' meet and confer, leaving Defendants no time to respond.

March 11, 2021
Page 4

associated with drawing a specimen for a Vectra test. With respect to preparation, she stated that she had not reviewed any document, not even the Crescendo Specimen Processing Agreement. Instead, Dr. Gersh brought three paper documents with her to the virtual deposition, one of which she represented was the Crescendo SPA and suggested that simply bringing the documents with her met her duty to prepare. It did not. Dr. Gersh also suggested that any salary information should have been obtained through her husband, Mr. Tygenhof. IMGI chose to designate her, not Mr. Tygenhof, as its Rule 30(b)(6) designee.  Had Mr. Tygenhof been designated on any topic, much less all topics, we could have inquired of him. But he was not so designated.

In addition, IMGI was served with a document subpoena on August 3, 2020. Her response to this subpoena was deficient. In particular, one of the three paper documents that Dr. Gersh brought with her to the deposition was an email between Dr. Gersh and a Crescendo liaison named Kerri Jacobson that had not been produced in discovery. Despite other communications with Ms. Jacobson being cited to in the complaint, this email, which contains information central to Relator's allegations enough so that it was one of the three documents Dr. Gersh thought was important enough to bring to her deposition, was not produced prior to the deposition. Instead, it was produced during the course of the deposition forcing Defendants' counsel to scramble to address the document during the deposition. The failure to produce that email before mid-way through Dr. Gersh's deposition raises questions as to the completeness of your Clients' productions as a whole, as does the complete lack of any meaningful effort (described below) to search IMGI emails other than Dr. Gersh's.

### III.    Complete Failure to Collect Documents in Response to Subpoena to Tygenhof

As documented in our March 4, 2021 letter, to which you never responded, Relator's counsel failed to comply with the subpoena for documents in Mr. Tygenhof's possession. Defendants served a document subpoena on Mr. Tygenhof on August 3, 2020. Your firm accepted service of this subpoena. On August 27, 2020, you provided a response to the subpoena on Mr. Tygenhof's behalf and agreed to provide documents responsive to our requests. Until Mr. Tygenhof's deposition last week, we had understood that you and Mr. Tygenhof had undertaken a good faith effort to search Mr. Tygenhof's files for responsive documents. We were wrong.

Mr. Tygenhof testified that no search had been done of his personal email, work email, or phone. Mr. Tygenhof further testified that he had not even seen the document subpoena prior to us showing it to him in his deposition. Given Mr. Tygenhof's critical role in Dr. Gersh's efforts to "gather evidence" against various lab companies, including Crescendo, and the fact of his central role in the administration of the IMGI practice, the fact that you did not search his files for responsive documents is quite frankly beyond the pale. In addition, Mr. Tygenhof testified that there was no effort to search the IMGI email accounts of anyone at IMGI besides Dr. Gersh, including, for example, the medical assistants at IMGI who drew blood for the Vectra test.

March 11, 2021
Page 5

Beyond the fact of this improper discovery conduct, your failure to search Mr. Tygenhof's email or other files also suggests that a number of responsive, relevant documents still have not been produced. Indeed, based on the few documents that were produced, there appears to be gaps in Relator's production, including with respect to documents reflecting payments from lab companies made to Mr. Tygenhof. That said, we should not be in the position of having to guess what responsive documents may or may not be in Tygenhof's possession.

Given the complete abdication of your responsibility to perform any search for Mr. Tygenhof or others' documents, we are also justified concerned about preservation and spoliation.

### IV.     You Have Deliberately Delayed in Remediating Discovery Deficiencies.

In an effort to remediate your Clients' discovery deficiencies and to obtain the necessary discovery that Defendants are entitled to in a timely manner, on Monday, March 8, 2020, Defendants noticed the personal depositions of the two medical assistants who serve as IMGI phlebotomists, including in order to obtain information concerning the SPA process that Dr. Gersh was unable to provide. We also noticed the Rule 30(b)(6) deposition of STF, LLC, including in order to understand its role, if any, with the FBI. Consistent with prior efforts to conceal and block reasonable discovery, you have declined to accept service of the deposition subpoenas for the medical assistants and ignored a request to provide their personal addresses to allow us to effect service. Similarly, you have not responded with respect to the deposition subpoena to STF, LLC.

The long list of your Client's discovery deficiencies when viewed in the totality of the circumstances, including when contrasted to the thorough and costly discovery process undertaken by Defendants, warrants wide ranging remedies, including discovery sanctions against the Relator. At present, in an effort to try to obtain the necessary discovery to which we have long been entitled, we request that you immediately facilitate the following:

(1) Service of the deposition subpoenas on the two IMGI employees, who are within IMGI's control, and scheduling of their depositions on or prior to March 15, 2021;
(2) A response to the March 8, 2021 document subpoena to IMGI by March 15, 2021;
(3)  Scheduling of a Rule 30(b)(6) deposition of STF, LLC on or prior to March 15, 2021;
(4) Identification of a new Rule 30(b)(6) designee and scheduling of a Rule 30(b)(6) deposition of IMGI on or prior to March 15, 2021 on Topics 1, 2, 5, and 9.
(5) Production of all documents responsive to August 3, 2020 subpoenas, including an initial search for documents responsive to the subpoena issued to Mr. Tygenhof and a complete set of communications between Dr. Gersh and the Agents; and

March 11, 2021
Page 6

    (6) Agreement that the Relator and your other clients will assert no objections to the use by Defendants of any discovery obtained from the government with respect to the Agents even if obtained after March 15, 2021.

We are amenable to scheduling depositions in parallel in order to accomplish the necessary depositions during the existing discovery period. We propose a meet and confer immediately on the above and will approach the Court in short order if necessary. Given the severity of your discovery failures, we reserve all rights.

                                                Regards,

                                        */s/ Giselle Joffre*
                                        Giselle Joffre