# EXHIBIT 16



Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600

617 832 1000 *main*
617 832 7000 *fax*

Caroline Donovan
*617 832 1165 direct*
cdonovan@foleyhoag.com

March 11, 2021

**via Electronic Mail**

Niall P. McCarthy
Justin T. Berger
Bethany Hill
Cotchett, Pitre & McCarthy, LLP
nmccarthy@cpmlegal.com
jberger@cpmlegal.com
bhill@cpmlegal.com

>    Re:   *U.S., Cal., ex rel. STF, LLC v. Crescendo Bioscience, Inc. and Myriad Genetics, Inc.*, C.A. No. 3:16-cv-02043-TSH (N.D. Cal.)

Dear Bethany:

I write on behalf of Crescendo Bioscience, Inc. ("Crescendo") and Myriad Genetics, Inc. ("Myriad") in reply to your letter dated March 9, 2021 regarding issues raised in the deposition of Christopher Riedel.

*Document Production Concerns*

In Crescendo's letter of March 4, 2021, Crescendo reiterated concerns with STF, LLC's ("STF") document productions that first became apparent at the deposition of Mr. Riedel, the manager and one of two members of STF. Those concerns included the failure to search and produce responsive documents from Mr. Riedel's iPhone, in particular text messages and calendar entries. Given our concern that Mr. Riedel's iPhone, a clearly relevant source of information to this litigation, was not searched in the first instance, we requested that you confirm that all potentially responsive material had been preserved. We also requested that you state that there are no direct communications between Mr. Riedel and Felice Gersh, without counsel, prior to the formation of STF. To the extent Mr. Riedel and Dr. Gersh communicated directly, without counsel, in the course of another litigation, we requested that you state so and if you contend those communications are privileged, include them on a privilege log. Finally, we confirmed our agreement that your clients' communications with counsel need not be included on a privilege log. We specifically distinguished other documents, including the time and motion study, and requested that you include other communications and documents on a privilege log to the extent you contend they are protected by a claim of privilege.

March 11, 2021
Page 2

Your reply largely fails to provide the information requested. You contend an undue burden in searching Mr. Riedel's iPhone given your statements that he and Dr. Gersh "have no relationship other than that of co-litigants." That is insufficient, where our document requests sought a host of information bearing on the litigation. Further, Mr. Riedel testified at this deposition that his iPhone calendar may contain the date of meetings with Dr. Gersh, which information would be responsive. Further, you have not confirmed that all potentially responsive material has been preserved. Given your failure to do so, we will infer that potentially responsive materials have been destroyed.

You also misstate the agreement with respect to what does and does not need to be included on a privilege log. Given your representations that your communications with your clients were voluminous, we agreed that communications between you and your clients need not be logged, a position taken consistently throughout our discussions. We were express that documents other than communications with counsel must be logged. Obviously we need to understand what is being withheld in order to assess a claim of privilege. Our agreement that communications with counsel need not be logged is consistent with that impetus—we know you are withholding communications between you and your clients, and we are fine making this agreement because we believe the attorney-client privilege applies in those circumstances. We do not feel similarly with respect to other categories of documents. That includes the time and motion study, which you now contend "is part of the attorney/client communications." That statement makes the point—what is the basis for withholding the time and motion study? Is it because you claim it is actually privileged communication between lawyer and client? Or do you contend it is a form of work product? STF must include on a privilege log all communications and documents it is withholding based on a claim of privilege other than communications between you and your clients so that we can assess the asserted privilege(s). This is unexceptional and your failure to appreciate the distinction and to provide the requested information is concerning.

### *STF's Relevance Objections at Deposition*

You continue to refuse to provide the settlement amount in the matter *M. Delzell v. C. Riedel, et al.*, 12-CV-229444, claiming confidentiality obligations and that the information is not probative. First, you can address confidentiality obligations, but you do not appear to have even tried to do so. We have stated the probative basis for such information and your response that this somehow is an attempt to "smear" Mr. Riedel does not make it so. Please provide that settlement amount.

### *STF's Answers to Interrogatories*

We had requested that you provide any supplemental answers to Myriad and Crescendo's second set of interrogatories to STF, which were served on November 6, 2020 and responded to on December 7, 2020. In your letter of March 9, 2021, you stated you would "investigate whether supplemental responses . . . are warranted, but do not currently believe there will be any additional information that has not otherwise been disclosed in discovery."

March 11, 2021
Page 3

      STF has not answered interrogatories 17, 18, 19, and 20, each of which asked STF to state the basis for its purported damages claims. While we appreciate the certain information may be the province of a damages expert, please provide the factual information called for before the close of discovery—for example, the relevant time period for each claim and the relevant Defendant to which such claims relate.

      By Friday, March 12 please: (i) produce a privilege log including all documents STF is withholding based on a claim of privilege other than communications between your clients and you, (ii) provide the settlement amount in the matter *M. Delzell v. C. Riedel, et al.*, 12-CV-229444, and, (iii) answer with the factual information called for by Crescendo and Myriad damages interrogatories.

      As you know, Mr. Riedel's deposition remains open as we await the above information regarding privilege and confidentiality. If you do not respond substantively to these matters promptly, we will address these matters with the Court.

      Very truly yours,

      */s/ Caroline S. Donovan*

      Caroline S. Donovan


cc:    Giselle Joffre, Esq.
         Anthony Mirenda, Esq.