| | |
|---|---|
| NIALL P. MCCARTHY (SBN 160175)<br>nmccarthy@cmplegal.com<br>JUSTIN T. BERGER (SBN 250346)<br>jberger@cmplegal.com<br>BETHANY HILL (SBN 326358)<br>bhill@cmplegal.com<br>**COTCHETT, PITRE & McCARTHY, LLP**<br>San Francisco Airport Office Center<br>840 Malcolm Road<br>Burlingame, CA 94010<br>Telephone: (650) 697-6000<br>Facsimile: (650) 697-0577<br><br>*Attorneys for Relator STF, LLC* | |
| GISELLE J. JOFFRE (admitted *pro hac vice*)<br>gjoffre@foleyhoag.com<br>CAROLINE S. DONOVAN (admitted *pro hac vice*)<br>cdonovan@foleyhoag.com<br>ANTHONY D. MIRENDA (admitted *pro hac vice*)<br>amirenda@foleyhoag.com<br>JOANNA MCDONOUGH (admitted *pro hac vice*)<br>jmcdonough@foleyhoag.com<br>KELLY CAIAZZO (admitted *pro hac vice*)<br>kcaiazzo@foleyhoag.com<br>**FOLEY HOAG LLP**<br>Seaport West<br>155 Seaport Boulevard<br>Boston, MA 02210-2600<br>Telephone: (617) 832-1000<br>Facsimile: (617) 832-7000<br><br>*Attorneys for Defendants Crescendo Bioscience, Inc. and Myriad Genetics, Inc.* | CAROLYN F. McNIVEN, (SBN 163639)<br>mcnivenc@gtlaw.com<br>JEFFREY P. PALMER (SBN 229314)<br>palmerj@gtlaw.com<br>BRIAN Q. HALL (SBN 318209)<br>hallbri@gtlaw.com<br>**GREENBERG TRAURIG, LLP**<br>4 Embarcadero Center, Suite 3000<br>San Francisco, CA 94111<br>Telephone: (415) 655-1270<br>Facsimile: (415) 707- 2010<br><br>*Attorneys for Defendants Crescendo Bioscience, Inc. and Myriad Genetics, Inc.* |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **STF, LLC**, an organization**; STATE OF CALIFORNIA** *ex rel*. **STF, LLC**, an organization,<br>　　Plaintiffs,<br><br>v.<br><br>**CRESCENDO BIOSCIENCE, INC.**, a Delaware corporation; and **MYRIAD GENETICS, INC.**, a Delaware corporation,<br>　　Defendants. | CASE NO.: 16-cv-02043-TSH<br><br>**JOINT STATEMENT PURSUANT TO DISCOVERY STANDING ORDER FOR MAGISTRATE JUDGE THOMAS S. HIXSON** |

1

**CRESCENDO BIOSCIENCE, INC. AND MYRIAD GENETICS, INC.'S POSITION**

The dispute concerning the membership of STF is timely because Defendants Crescendo Bioscience, Inc. and Myriad Genetics, Inc. diligently pursued the deposition of Jake Orville, a former member of STF, and the information known to Orville throughout the fact discovery period, despite the misdirection and obfuscation of Relator STF, LLC ("STF") and its counsel. Further, this Court stayed Defendants' earlier motion to compel the deposition of STF, finding expressly that Defendants "made the ask within the time frame under the local rules to move to compel." Ex. 1, Mar. 22, 2021 Tr. 39:14-15. Finally, the question of when Orville was a member of STF is a fact known not just to STF, but to its counsel, prompting the simple question: Why doesn't counsel provide this information?

**RELATOR HAS OBSTRUCTED ORVILLE'S ROLE SINCE THE OUTSET**

Relator's evasions about the nature of Jake Orville's role and his core import to this litigation only became clear after the close of discovery[1] – despite this, Defendants took every effort to obtain discoverable information from Mr. Orville during the period of fact discovery.

First, Relator's counsel feigned ignorance as to the identity of Orville's counsel, despite that they had both attended a key meeting about this very litigation. On January 19, 2021, Defendants subpoenaed Orville for a deposition on February 10, 2021 and provided notice to Relator's counsel. Ex. 2. On January 27, 2021, counsel for STF contacted Defendants' counsel and informed them that "Mr. Orville reached out to me and indicated that his counsel at Gordon Rees is out on sick leave, so the date you have selected for his deposition will not work. He is attempting to get further information on when his counsel might be available." Ex. 3. STF's counsel stated further, "He also indicated that he has no information regarding Crescendo, so was puzzled by the subpoena." *Id.* Twice in response, Defendants' counsel asked for the name of Orville's counsel. Twice, STF's counsel claimed not to know, answering first, "I did not catch it, but I will follow up with him" and then "We still have not received the name of Mr. Orville's counsel, but will revert with that information as soon as we have it." Ex. 4. On February 1, 2021, STF's counsel provided the name of Orville's counsel: Brian Maschler at Gordon Rees. But STF's counsel has known Maschler since at least 2016 – indeed, Maschler was one of five people present at the operative March 16, 2016 meeting that is a subject of this dispute, at which STF's counsel (Justin Berger), Orville, Gersh, and Riedel were also present. The suggestion that STF's counsel "did not catch" Maschler's name simply defies credibility based on the facts detailed above.

Once counsel for Mr. Orville's name was finally received, Defendants continued to pursue Orville's deposition, but were unable to take that deposition because Orville's counsel was on sick leave and unfortunately, passed away in February 2021. Before learning of Maschler's passing, Defendants contacted Maschler's partner and out-of-office contact to schedule Orville's deposition, but did not hear back and ultimately deferred Orville's deposition from February 10, 2021 to a date later in February due to the availability of counsel. Ex. 5. After Maschler's passing, Defendants again connected with his partner, who at that point stated that their firm was conflicted from representing Orville given a prior representation of Myriad (which Myriad has been unable to confirm).

---

[1] Defendants refer back to their position statement in the Joint Statement filed 8/18/2021 (Dkt. No. 119), in which Defendants detailed that (i) Relator never disclosed that Orville was a member of STF in response to an interrogatory that requested that information; (ii) Relator produced only a single version of the Operating Agreement during discovery, which purported to be dated September 22, 2015 and which contained an unsigned signature page, bearing the signature of Chris Riedel and Felice Gersh only; and, (iii) Riedel specifically confirmed that Orville was not a member of STF under oath. However, Gersh did not even meet Riedel until March 2016, a fact that only became clear once Relator produced a privilege log. The privilege log was not only produced late, one day after the close of discovery, but in it, Relator incorrectly and curiously asserted privilege over various iterations of the Operating Agreement traded between Gersh and Riedel through the spring and into the summer of 2016.

Defendants ultimately took the deposition of Orville on May 4, 2021, with the agreement of counsel to proceed outside the discovery period. At that deposition, not only was Mr. Orville evasive but STF's counsel (Berger) instructed Orville not to answer questions about the substance of what was discussed at a meeting between Orville, Gersh, Riedel, Maschler, and Berger on the basis that Orville was formerly a member of STF. Ex. 6 Tr. 16:22-18:8.That meeting is believed to be the only time when Riedel, Orville, and Gersh ever met together and given its timing (one month before the filing of the complaints) and its participants (the only three members of STF, though not all members at once), the contents of that meeting most likely bear directly on this litigation – potentially on the very question of whether STF is a proper relator.

On May 20, 2021, Defendants' counsel requested a conference to discuss STF's failure to abide by its discovery obligation, namely not disclosing Orville as a member of STF in response to Defendants' interrogatory and creating the false impression that Gersh and Riedel had been the sole members of STF since September 22, 2015 based on the Operating Agreement containing the unsigned signature page (which, based on the privilege log, was likely signed in July 2016). Ex. 7. At the conference, and following, Defendants' counsel asked STF's counsel to provide (i) the dates that Orville was a member of STF and (ii) the date of the meeting between Berger, Maschler, Riedel, Orville, and Gersh. STF's counsel agreed to provide this information and subsequently provided the date of the meeting (March 16, 2016) a week later after Defendants' counsel followed up.

However, STF's counsel has still not provided the date on which Orville ceased to be a member of STF, despite stating he would and all the efforts outlined above. At best, STF's counsel has narrowed the window as to when Orville ceased to be a member of STF to the period between February 24, 2016 and March 16, 2016. But this avoids answering the critical question of whether Orville was a member of STF at the March 16, 2016 meeting, which bears directly on whether any privilege applies. Orville testified that he and Gersh were not members of STF at the same time, creating a binary: either Orville was a member of STF at the March 16, 2016 meeting and Gersh was not, or Gersh was and Orville was not. Relator's belated attempt to claim a common interest privilege is insufficient, nor has Relator articulated the basis for that common interest – likely because there is no common interest between individuals rotating in or out of the Relator enterprise, when only one will prosecute the case and benefit financially from it.

For months, counsel for Defendants continued to press for the dates of Orville's membership. In response to one such inquiry, STF's counsel answered, "I do not know if it was March or earlier. I can do some more digging if you can explain what the significance is." Ex. 8. Even though counsel had explained the relevance in their prior conferences, Defendants' counsel provided a further answer still:

> [W]e've mentioned on various calls that STF, LLC may not be a proper relator. To that end, the timeline of when Jake Orville was (and was not) a member is relevant. Likewise, as you will appreciate, whether Jake Orville was a member of STF, LLC at any particular point in time also carries privilege implications, including for example your assertion of STF's attorney-client privilege at the Orville deposition to instruct him not to answer questions about a meeting we now understand to have occurred on March 16, 2016. As we now understand it, STF, LLC was created on September 22, 2015 and on that date it had two members, Chris Riedel and Jake Orville. Mr. Orville withdrew as a member on or before March 16, 2016. The open question is whether he withdrew on March 16, 2016, or on another date earlier in March 2016, or on some other specific date. In addition, we are trying to reconcile this new information with STF LLC's answer to interrogatory number 3, in which Jake Orville was not even disclosed as a member of STF, LLC at any time. Please provide us the date on which Jake Orville ceased to be a member of STF, LLC so that we can move forward.

Ex. 8. Defendants continued to seek this information through June and July 2021. Yet Relator failed to provide an answer, and Defendants sought relief from this Court to finally obtain the information that has been shielded throughout discovery.

3

**DEFENDANTS' EARLIER MOTION TO COMPEL STF'S DEPOSITION IS STAYED**

Procedurally, Defendants note that this Court stayed their March 12, 2021 motion to compel the deposition of STF (Dkt. No. 89) and thus there is a timely-filed motion by which to order the relief Defendants currently request. As this Court said then, Defendants "can pick up the thread, because your motion to compel this 30(b)(6) depo was timely." Ex. 1.[2] That time is now so that STF can be prepared to answer when Orville ceased to be a member and testify to the substance of the March 16, 2016 meeting that cannot plausibly be protected under a claim of privilege.

STF and its counsel have gone to great lengths to shield Orville's role at all in STF. These evasions have continued in the face of Defendants' diligent and good-faith efforts to resolve this dispute – indeed, STF's counsel agreed to provide the dates of Orville's membership, but simply has not. Why? Counsel has that information – he represented he could "do some more digging if you can explain what the significance is." Ex. 8. Defendants have explained the significance, and yet STF's counsel provides no answer. Again, why doesn't counsel provide this information? When Orville was a member of STF should result in a clear answer, The fact that Defendants have to seek court intervention to answer the question-- speaks volumes.

For all these reasons, Defendants' request to take the 30(b)(6) deposition of STF is timely and good cause more than exists.

**RELATOR'S POSITION**

The Court correctly noted that Dkt. No. 119—a joint discovery dispute letter in which Defendants move to open fact discovery so that they can take yet another deposition on Relator STF, LLC's membership—"looks like a motion to compel concerning fact discovery." (Court Order, Dkt. 125.) Accordingly, the Court asked for a joint letter brief addressing whether these disputes are untimely under Civil Local Rule 37-3, which states in relevant part, "No motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off…Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." Commentary to Civil Local Rule 37-3 says, "Counsel should initiate discovery requests and notice depositions sufficiently in advance of the cut-off date to comply with this local rule."

The fact discovery cutoff was March 15, 2021. Therefore, absent good cause, all motions to compel should have been submitted to the Court by March 22, 2021.

At issue is whether Crescendo's discovery dispute letter amounts to a motion to compel, and whether any resultant motion to compel is untimely. Crescendo's dispute letter does operate a motion to compel, and it is decidedly untimely, as there is no good cause for this tardy letter. Therefore, Defendants' request to compel additional discovery on this issue should be denied.

I. Defendants' discovery dispute amounts to a motion to compel.

Upon notice, "a party may move for an order compelling disclosure or discovery." (FRCP Rule 37(a)(1).) Such orders are typically required when "a deponent fails to answer a question, or the person designated by a corporation or other entity to testify on its behalf lacks sufficient information to answer deposition questions on matters described in the deposition notice; a party fails to answer an interrogatory…[or] answers provided in response to a discovery request are incomplete or evasive." (Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11 (V)-B, citing FRCP 37(a)(3)(B), (4).)

---

[2] Defendants acknowledge that the stay countenanced further discovery from the government agencies.

4

Crescendo seeks to re-open fact discovery because it claims it did not receive sufficient or complete information in response to its interrogatories or questions during deposition. (See Dkt. 119, citing incomplete responses to interrogatories served in July 2020, and insufficient responses to questions during the depositions of Chris Riedel, Felice Gersh and Jake Orville.) Because Defendants did not find the answers to responses to interrogatories or depositions satisfactory, the proper vehicle to obtain additional information is a motion to compel, per the federal rules. Defendants' discovery dispute letter operates as that motion to compel.

II. Defendants had sufficient notice of the issues they raise now by early May, at the very latest.

Defendants cannot show good cause for this late discovery request. Defendants propounded interrogatories in July 2020. Interrogatory number three contained a question about the membership of STF, LLC. Relator responded to the interrogatory at issue on August 27, 2020. Defendants then asked about the membership of STF, LLC in many depositions. Defendants took the deposition of Chris Riedel on December 16, 2020, and asked him about the formation and membership of STF, LLC. Defendants took the deposition of Felice Gersh twice, on March 3, 2021, and April 5, 2021. Defendants took the deposition of Jake Orville on May 4, 2021.[3] During these depositions, Defendants asked many questions about the formation and membership of STF, LLC, or had opportunity to do so.

Based on those depositions, Defendants were on notice about Oroville's participation in the early stages of STF, LLC's development. In fact, it is the information which they obtained in those depositions which forms the basis of their objections today. If Defendants were concerned about the information they received, including whether certain answers were complete, they should have moved to compel additional information shortly after concluding those depositions.[4]

III. Defendants' failure to bring a timely motion to compel waives their objections.

"Failure to bring a motion to compel waives the right to challenge objections raised to the discovery request." (Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(V)-B.) (*See* Helfand v. Gerson (9th Cir. 1997) 105 F.3d 530, 536 ["The defendants' refusal to respond to the plaintiffs' subpoena duces tecum may have left the plaintiffs without complete information…The failure to obtain this information, however, was the plaintiffs' fault…By failing to bring a motion to compel production, the plaintiffs waived their objection to the assertion of the privilege, including their contention that the assertion was made in bad faith."].)

Because Defendants failed to bring a timely motion to compel, they waived their right to challenge Relator's responses to interrogatories, or to challenge the sufficiency of responses given in deposition. Defendants' demand for the re-opening of fact discovery on the issue of the membership

---

[3] Relator agreed to allow this deposition to proceed after the close of fact discovery because the delay was occasioned by the illness and ultimate death of Mr. Orville's attorney.

[4] In contrast to this letter brief, Relator can show good cause for delay in bringing a motion to compel—via letter brief—regarding the two issues Relator raised in Dkt. No. 121-3. LabCorp's acquisition of Vectra from Myriad for $150 million cash was not made public until May 3, 2021, well after the discovery cut-off. The Cigna settlement documents were literally buried within the 146,837 pages of documents produced in the final month of fact discovery. Given the immediate shift to expert discovery, review of those 146,837 pages of documents took several months more. Relator's review team did not uncover the Cigna documents until July 19th, and after confirming there had been no prior disclosure of the Cigna audit in prior document productions, promptly raised the issue with opposing counsel, and filed their letter brief on August 19, 2021, only one month later. This stands in stark contrast to Defendants' filing a motion to compel over three months later.

of STF, LLC should be dismissed on the basis of untimeliness alone (and on the merits, as described in Relator's portion of the joint letter).

The parties rely on the following exhibits.

*Defendants' Cited Exhibits*

- Exhibit 1: Excerpts From 3/22/2021 Hearing
- Exhibit 2: 1/19/2021 Email and Attachment
- Exhibit 3: 1/27/2021 Email
- Exhibit 4: 1/29/2021 Email
- Exhibit 5: 2/9/2021 Email
- Exhibit 6: Excerpts of the Deposition of Jake Orville
- Exhibit 7: 5/20/2021 Email
- Exhibit 8: 6/14/2021 Email

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that all signatories to this document have concurred in its filing and that the parties met and conferred in person by telephone on August 13, 2021 in good faith to resolve their dispute(s) prior to filing this statement.

Dated: September 1, 2021                          By: /s/ Caroline Donovan