UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CRESCENDO BIOSCIENCE, INC., et al.,<br><br>Defendants. | Case No. 16-cv-02043-TSH<br><br>**PUBLIC VERSION OF SEPTEMBER 2, 2021 DISCOVERY ORDER FILED UNDER SEAL (ECF NO. 131)**<br><br>Re: Dkt. Nos. 119, 120, 122, 128 |

The parties have filed joint letter briefs at ECF Nos. 119, 120, 122 and 128. The Court held a hearing on September 2, 2021 and now issues this order.

**A.    ECF Nos. 119 and 128 (Jake Orville issues)**

In ECF No. 119, Defendants moved for an order (1) that Relator provide the dates of Jake Orville's alleged membership in STF, (2) finding that any privilege claim as to the substance of the March 16, 2016 meeting among Jake Orville, Felice Gersh, Christopher Riedel and Relator's counsel Justin Berger, and Orville's counsel Brian Maschler was waived, and (3) allowing a deposition of Relator concerning the substance of that meeting. Concerned that this looked like an untimely motion to compel fact discovery, the Court ordered the parties to brief whether this motion was time-barred by Civil Local Rule 37-3. They have done so. ECF No. 128.

Defendants do not dispute that ECF No. 119 is a motion to compel. Rather, they argue that there were good reasons why it was brought after the deadline in Civil Local Rule 37-3, or alternatively, that it is a follow-up to their timely motion to compel at ECF No. 89. As to the first argument, Defendants point to the long delay they experienced before they were finally able to depose Orville on May 4, 2021, and Relator acknowledges it agreed that deposition could take place after the close of fact discovery. The Court's view is that when the parties stipulate that a

deposition can take place after the close of fact discovery, then the deadline to move to compel in Civil Local Rule 37-3 is tolled until seven days after that deposition takes place for issues relating to that deposition.  But from the record before the Court, it looks like 16 days passed after that deposition before Defendants raised the current issues concerning Orville in meet and confer, and 116 days passed after that deposition before this motion to compel got filed.  Defendants were not diligent in even trying to file this motion on time.

Defendants' motion to compel at ECF No. 89 related to a late-breaking disclosure by Relator near the end of fact discovery concerning an undercover FBI investigation launched in 2015 that produced information used by Relator to support the allegations in the complaint.  The Court found that Relator had improperly delayed providing this information to Defendants in discovery.  Accordingly, it ordered that Defendants could seek documents and deposition testimony from the federal and state governments concerning their investigations, notwithstanding that fact discovery had otherwise closed.  ECF No. 93.  One of the remedies sought by Defendants was an additional 30(b)(6) deposition of Relator.  During the March 22, 2021 hearing, the Court expressed the view that "as of right now, I don't see a basis for another 30(b)(6) of STF.  But I will say this:  You've made the request, you made the ask within the time frame under the local rules to move to compel.  So I think what I'm going to do is just stay that aspect of your motion to compel.  [¶]  And then, if you develop any evidence from the federal or the state agent that indicates that there were other people that were involved, whether Mr. Riedel or other people in connection with STF, then you can pick up the thread, because your motion to compel this 30(b)(6) depo was timely and I am not denying it.  I'm just staying it for now.  [¶]  But if you get anything good out of the agents that would justify another 30(b)(6), then go ahead, pick up the thread, put another discovery letter brief in front of me and put that testimony in front of me, and I'll take a look at it then."  March 22, 2021 Tr. at 39:12-40:1.

Defendants' current motion regarding Orville has nothing to do with any evidence obtained about the federal or state investigations.  The current motion is simply unrelated to ECF No. 89.

Accordingly, Defendants' motion to compel at ECF No. 119 is time-barred.

2

1    There is one technical issue the Court must address.  The time bar on motions to compel in
2    Civil Local Rule 37-3 is inapplicable to motions to enforce the Rule 26(e) supplementation
3    requirement.  Were it otherwise, Civil Local Rule 37-3 would gut the Rule 26(e) supplementation
4    requirement as of seven days after the close of fact discovery because there would be no way to
5    enforce it.  The first form of relief Defendants seek (an order to provide Defendants with the dates
6    of Orville's membership in STF) looks like an attempt to enforce Defendants' interrogatory 3,
7    which asked Relator, among other things, to identify each of its members from September 22,
8    2015 to the present.  Rule 26(e) requires interrogatory responses to be supplemented if they are in
9    any material way incomplete or incorrect, so superficially it might seem that the Rule 26(e)
10   supplementation requirement obligates Relator to update its response to interrogatory 3.  However,
11   interrogatory 3 clearly requested this information "[f]or the time period September 22, 2015 to the
12   present," and just as clearly, Relator "object[ed] to this interrogatory as it is overbroad," and
13   answered it in the present tense: "STF, LLC *is* a California Limited Liability Company.  STF's
14   members *are* Chris C. Riedel and Felice L. Gersh.  Each member *has* a 50% ownership interest in
15   STF and a direct financial interest in STF.  STF does *not have* employees."  (emphasis added).  If
16   since the date of that August 27, 2020 interrogatory response any of that information has changed,
17   then Relator is obligated to serve an amended interrogatory response.  But as the Court
18   understands the current dispute, the issue is whether Orville was a member of STF at some point
19   prior to this lawsuit being filed.   Relator never agreed to provide that information, and Defendants
20   did not timely move to compel it.  Accordingly, there is no obligation to supplement with that
21   information now.

22   Defendants' motion to compel is therefore denied as untimely.

**B.  ECF No. 120 (Michael Handrigan)**

24   In ECF No. 120, Defendants move to strike Relator's designation of Dr. Michael
25   Handrigan as an expert witness on the ground that he was required to submit an expert report
26   under Federal Rule of Civil Procedure 26(a)(2)(B) and failed to do so.  The question is whether
27   "the witness is one retained or specially employed to provide expert testimony in the case . . ."
28   In interpreting that language, courts generally differentiate between two types of experts:

3

"a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony. It is this difference, we think, that best informs the language of the rule." *Downey v. Bob's Disc. Furniture Holdings*, 633 F.3d 1, 6 (1st Cir. 2011). "Consequently, where . . . the expert is part of the ongoing sequence of events and arrives at his causation opinion during treatment, his opinion testimony is not that of a retained or specially employed expert." *Id*. at 7. "If, however, the expert comes to the case as a stranger and draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed as retained or specially employed for that purpose . . ." *Id*.; *see generally Goodman v. Staples the Office Superstore*, LLC, 644 F.3d 817, 826 (9th Cir. 2011) ("Today we join those circuits that have addressed the issue and hold that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment. Goodman specifically retained a number of her treating physicians to render expert testimony beyond the scope of the treatment rendered; indeed, to form their opinions, these doctors reviewed information provided by Goodman's attorney that they hadn't reviewed during the course of treatment.").

   These precedents assume that the expert is going to testify about the case, and they focus on where the expert's knowledge of the case came from. If that knowledge came about in a percipient capacity, such as a treating physician testifying about opinions formed during the course of treatment, then no report is required. But if an expert's knowledge of the case comes from facts supplied by others, then a report is required. This distinction is hard to apply to Dr. Handrigan, who comes as a stranger to the case *and* does not draw his opinions from facts supplied by others. The reason is that his proposed testimony is not specific to this case. Relator expects him to testify that:

> 1. All Medicare providers, including Defendants, are required to fill out a provider enrollment form, which emphasizes the importance to Medicare of providers performing services appropriately an in accordance with the law, including the False Claims Act and Anti-Kickback Statute.
>
> 2. When submitting a claim to Medicare for payment, providers such

4

> as Defendants are attesting that the claim is appropriate, honest, truthful, does not violate any laws, follows all of Medicare's rules, and is medically necessary.
>
> 3. Medicare is a trust-based system; it relies on providers' attestations to approve payment, rather than auditing each claim.
>
> 4. Medicare considers blood specimen processing to be included in the services provided as part of a physician's office visit fee, and is therefore not reimbursed separately, and has provided public guidance consistent therewith.

Essentially, Dr. Handrigan is being offered as an expert about Medicare. He is the Chief Medical Officer at the Center for Program Integrity at the Centers for Medicare & Medicaid Services, the federal agency that runs the Medicare program. He doesn't need to know anything about the facts of this case to give the expected testimony, which will not be based on any information provided to him in this litigation. The parties have not cited a judicial precedent that squarely resolves whether someone like Dr. Handrigan must provide an expert report.

Nonetheless, the Court concludes that Dr. Handrigan is "specially employed to provide expert testimony in the case." He is specially employed in the sense that he had no percipient involvement in the facts of this case, and the only reason he is testifying is because Relator's counsel found him and got him to agree to testify. He is a stranger to this case, parachuting in for trial. Therefore, he is specially employed, and he was obligated to prepare a written report.

Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless." Because it was less than clear that Dr. Handrigan was required to provide a written report, the Court believes the best course of action is to render the failure harmless. Accordingly, the Court orders Relator to provide a written report for Dr. Handrigan. Defendants may designate a rebuttal witness to him. The Court orders the parties to meet and confer concerning the deadline for Dr. Handrigan's report, the deadline for Defendants' expert's rebuttal report, the deadline for both witnesses to be deposed, and any other adjustments to the case schedule that may be appropriate in light of these new deadlines. The Court will hold a follow-up hearing on September 16, 2021 at 11:00 a.m. to discuss these scheduling issues.

**C.   ECF No. 122 ([Redacted], Sale of VectraDA)**

**1.   [Redacted]**

Relator moves to reopen discovery to be allowed one deposition regarding a settlement agreement Crescendo entered into with [redacted], and to reopen document discovery to ensure that all pertinent documents leading to the settlement have been produced. Fact discovery closed on March 15, 2021, and the last day to move to compel was March 22, 2021 (per Civil Local Rule 37-3), but Relator says there is good cause to reopen discovery on these points. Specifically, Relator says that Defendants produced this settlement agreement on the very last day of fact discovery and that it was buried in the 43,676 documents (comprising 146,837 pages) that Defendants produced in the last month of fact discovery. Further, Relator says that as soon as fact discovery ended, the parties dove rapidly into expert discovery.

Reopening fact discovery requires "good cause" under Rule 16(b)(4). There might very well have been good cause for this request in April, but there is not in August. Defendants state, and Relator does not deny, that the first time Relator raised this issue was in an August 13, 2021 email (ECF No. 122-7), which was about five months after the close of fact discovery. This five-month delay shows a lack of diligence, and the request to reopen discovery concerning the [redacted] settlement is denied.

**2.   Sale of VectraDA to LabCorp.**

In May 2021, after the close of fact discovery, Myriad entered into an agreement to sell certain of Crescendo's assets, including its VectraDA business, to LabCorp. for $150 million. Relator says that Crescendo was under an obligation to produce documents exchanged during the negotiation and consummation of the sale. Here, Relator is not seeking to reopen discovery, so Rule 16's good cause standard is inapplicable. Rather, Relator argues that Rule 26(e)'s supplementation requirement applies. As noted above, the time bar on motions to compel in Civil Local Rule 37-3 is inapplicable to motions to enforce the Rule 26(e) supplementation requirement.

The requests for production ("RFPs") that Relator says need updating are numbers 6 and 24, which ask for "all documents that relate to any and all contracts between you and any and all health care providers during the relevant time period" and "all documents related to contract

6

1   negotiations between you and all health care providers during the relevant time period." The RFPs
2   defined "relevant time period" as "January 1, 2005 to the present." Crescendo objected to that
3   definition and stated that it would produce documents from "April 19, 2010 to September 8,
4   2020," a statement that it repeated in its responses to RFPs 6 and 24. In a December 8, 2020 meet
5   and confer letter, Relator noted that Crescendo had agreed to produce documents concerning SPAs
6   from 2010 but had agreed to produce documents concerning any waiver or cap on co-payments or
7   deductibles from 2016. Although Relator requested confirmation that Crescendo would produce
8   documents on both subjects "encompassing any time period," the preceding paragraph of the letter
9   argued that documents from *before 2016* were relevant. In other words, Relator was taking issue
10  with the start date of certain document productions, not the end date. Crescendo responded in a
11  December 14, 2020 letter stating that "Crescendo will provide documents for the time period
12  beginning January 1, 2010 for requests concerning both SPA and out-of-pocket allegations
13  because the Vectra test was launched in 2010." The Court interprets that as Crescendo's
14  agreement on the start date for documents. The Court sees no indication that Relator disagreed
15  with the end date of September 8, 2020 for document productions. Notably, this end date was
16  significant because it was approximately six months before the close of fact discovery, and one
17  thing that litigants sometimes care about is getting recent documents.

18   Approximately three months after the close of fact discovery, Relator emailed to initiate
19  meet and confer efforts regarding the announced LabCorp. acquisition. Two days later
20  Defendants responded that no documents about that transaction fell within the scope of their
21  agreements to produce documents, which had an end date of September 8, 2020. Relator
22  responded that "Crescendo's unilateral limitation of the Relevant Time Period *appeared*
23  *reasonable at the time of your responses*. However, given the LabCorp. transaction, it *no longer*
24  appears so." (emphasis added)

25   These exchanges make clear that Crescendo agreed to produce documents responsive to
26  RFPs 6 and 24 only through September 8, 2020 and no later – and that Relator understood that and
27  believed that time frame was reasonable at the time. Rule 26(e)'s supplementation requirement
28  provides that a party must "supplement or correct its disclosure or response" if it learns that its

7

disclosure or response "is incomplete or incorrect."  As discussed above, a response is not incomplete if you refuse to produce something during fact discovery and then continue to refuse to produce it after the close of fact discovery.  That's called refusing to produce, and the other side's remedy is a motion to compel.  To be sure, an end date restriction seems like the type of thing that Rule 26(e) is supposed to get around, and if Crescendo had imposed a date restriction coextensive or nearly coextensive with the close of fact discovery, the Court might very well have found a supplementation obligation.  Here, however, Crescendo drew a clear end date for documents half a year before the close of fact discovery, so if Relator had any concern about being cut off from recent documents, it was on notice of the need to move to compel.  What Relator is asking for now is not a supplementation of what Crescendo agreed to produce in discovery but to renegotiate the parameters of that agreement after fact discovery is over.  It's too late for that now.  Rule 26(e) does not require Crescendo to produce documents responsive to RFPs 6 and 24 from after September 8, 2020.  Crescendo says there are no responsive documents related to the LabCorp. transaction in the pre-September 8, 2020 time frame, and Relator provides no reason to think otherwise.  Accordingly, Relator's motion to compel is denied.

**IT IS SO ORDERED.**

Dated: 9/2/2021

THOMAS S. HIXSON
United States Magistrate Judge